Parish of St. Andrew's Protestant Episcopal
Church et al. *v.* Zoning Board of Appeals
of the City of Stamford et al.

King, C. J., Alcorn, House, Cotter and Thim, Js.

Argued June 8—decided July 13, 1967

*Charles Townsend, Jr.,* for the appellants (plaintiffs).

*Thomas J. Dolan,* with whom, on the brief, was *James J. O'Connell,* for the appellees (defendant California Oil Company et al.).

*Theodore Godlin,* assistant corporation counsel, with whom, on the brief, was *W. Patrick Ryan,* corporation counsel, for the appellee (named defendant).

COTTER, J.  Upon the application of the defendants Nicholas P. Nanos and California Oil Company, the defendant zoning board of appeals unanimously granted a special exception under the zoning regulations and a certificate of approval for the construction and operation of a gasoline service station on premises owned by Nanos at the north-

westerly corner of North Street and Washington Avenue in Stamford. As a condition to the granting of the special exception and the issuance of the certificate of approval, the board provided that the owner "shall convey to the City of Stamford, at such time as the City shall request, so much of the easterly eleven (11) feet of the premises as shall be required by the City of Stamford for the widening of Washington Avenue; and if the owner shall fail to comply with said request of the City of Stamford; the approvals granted herein shall be revoked, at the option of the Zoning Board of Appeals." The Court of Common Pleas, on appeal by the plaintiffs, who are neighboring property owners, rendered judgment affirming the action of the board, and the plaintiffs have taken the present appeal to review that judgment. The land in question is in a C-N zone, also designated neighborhood business district, in which the operation of a gasoline service station is a permitted use, subject to the issuance of a special exception by the zoning board of appeals. Stamford Zoning Regs., App. A, table II, No. 54 (1965).

I

A basic claim of the plaintiffs is that the decision of the board is illegal and in abuse of its discretion because it is predicated on the applicants' offer to donate an eleven-foot strip of land to the city. This offer, it is claimed, was the "real basis" and "primary motivation" of the board's decision. In support of this claim, the plaintiffs reason that to impose a condition such as this is to violate the purpose and intent of the zoning regulations and that the board has exceeded its powers in reserving the right to revoke the grant of a special exception

and the certificate of approval upon a breach of the condition.

The factual situation supporting this claim consists solely of the testimony of Nanos, at the public hearing before the board, concerning the contemplated widening of Washington Avenue, which would require eleven feet of the applicants' property. Nanos stated that he would be willing to have the board make it a condition of the approval of the application that the eleven-foot strip be dedicated by him to the city of Stamford at no expense. This testimony, representing the totality of the evidence on this issue, in and of itself does not show improper motive on the part of the members of the board. While the members of the board precipitously and injudiciously accepted the suggestion, there is nothing in the record which demonstrates that this offer was the basis of and the primary motivation for their action.

A special exception, as requested herein, allows an owner to put his property to a use which is expressly permitted under the regulations, in contradistinction to the grant of a variance, for instance, wherein the zoning board has the power to extend to the owner a right to use his property in a manner forbidden by the zoning enactment and need not depend upon express authorization in the zoning enactment. The conditions under which an exception is permitted must be found in the regulations themselves and cannot be altered.[1] *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 72, 147 A.2d 472.

The regulations provide that the board may exer-

---

[1] For historical discussion, comparison and distinction of variance and special exception, see *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 102 A.2d 316; notes, 75 A.L.R.2d 168, 182, 168 A.L.R. 13, 20; note, 35 Conn. B.J. 245, 250.

cise its powers and duties "subject to appropriate conditions and safeguards, in harmony with the purpose and intent of these regulations and in accordance with the public interest and the most appropriate development of the neighborhood." Stamford Zoning Regs. § 19(A) (1965). The condition requiring a conveyance of the strip of land and containing an option to revoke approval in the event of a failure to comply does not come within the expressed authority of the board or relate to the standards promulgated in the regulations. *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 638, 109 A.2d 256. The board had no authority to impose, as a condition of the use of the property for a gasoline service station, a requirement that the owner convey the strip to the city. Such a requirement may be revoked and set aside. *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 34, 54 A.2d 675. So much of the decision as imposed the condition and reserved the right to revoke the permission is void and of no force. *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* supra, 639; *Kelley* v. *Board of Zoning Appeals,* 126 Conn. 648, 652, 13 A.2d 675; 8A McQuillin, Municipal Corporations (3d Ed. Rev.) § 25.271; 2 Rathkopf, Law of Zoning and Planning, c. 49; 101 C.J.S. 999, Zoning, § 234.

In granting a special exception, the board may, in a proper case, impose a condition but only where it is warranted by the regulations. The imposition of a void condition, however, does not necessarily render the whole decision illegal and inefficacious. If the decision is otherwise supported by sufficient grounds as found by the board, a modification of the decision may be decreed with a view toward

ending further litigation. *Levine* v. *Zoning Board of Appeals,* 124 Conn. 53, 59, 198 A. 173. In the instant case, the condition was not an integral part of the determination and can be separated from the grant as awarded. The widening of Washington Avenue had evidently been considered by the city as early as 1958, and there was testimony that, at the time of the public hearing, approximately $778,000 had been appropriated for the project. In fact, the proposed design and layout of the gasoline station submitted by the applicants at the public hearing was planned in contemplation of the future widening of the avenue by the city at the point in question. Under the circumstances, although the condition imposed is illegal and of no effect, this illegal action does not invalidate the remainder of the board's decision.

## II

The plaintiffs further urge that there is error in the manner in which findings were made by the board, as required for a special exception under § 19 (A) (2) (a) of the regulations,[2] on the ground that they were made "in boilerplate" fashion. The board did find in verbatim fashion that each and every standard as required was complied with in the language of the regulations. There was evidence offered, however, upon which it could so conclude.

---

[2] "[Stamford Zoning Regs. § 19 (A) (2) (a) (1965)]. No special exception shall be authorized as a permitted use in any indicated district unless the Zoning Board of Appeals shall find that:

"i. the location and size of the use, the nature and intensity of the operation involved, the size of the site in relation thereto, and the location of the site with respect to the existing and future streets given access to it, shall not be in substantial conflict with the orderly development and basic character of the district;

"ii. the location, nature and height of buildings, walls and fences,

Considerable evidence was offered at the public hearing which, if considered credible by the board, would reasonably support the findings it made in this connection. In brief, it consisted in part of the following in the form of testimony and exhibits. The proposed gasoline station, as shown on the plot plan, is colonial in design and complies with all of the specific regulations of the city including set-back, area coverage, and parking. The general area, as shown in the photographs submitted, contains mixed commercial and residential uses. A real estate expert testified that the gasoline station, as proposed, would not be in substantial conflict with the orderly development and basic character of the district. He pointed out the many existing commercial uses in the immediate neighborhood and testified that the proposed use would not discourage appropriate development in the area. The adjacent property is also zoned as a neighborhood business district. The proposed station is set back from the building lines, and the major impact of the contemplated use is away from adjacent property toward the street lines. The building is to be so located on the site as to minimize any impact on the adjacent

and the location and size of all planned activities will not discourage the appropriate development and use of adjacent land and buildings;

"iii. parking areas shall be of adequate size for the particular use;

"iv. all buildings, parking areas and planned activities shall be suitably screened from adjoining residential uses, and the entrance and exit drives shall be laid out so as to prevent traffic hazards and nuisances;

"v. operations in connection with any special exception shall not be more objectionable to nearby properties by reason of noise, fumes, vibration or artificial lighting, than the public necessity demands;

"vi. the density of uses categorized as special exceptions in any area will not substantially alter the essential character of the area contemplated by the land uses permitted in that area."

area, and the design of the building attempts to conform to high architectural standards. Adjoining residential areas would be well-screened and insulated by the adjacent property. The plot plan shows two entrance and exit drives on each street, a total of four driveways. There are virtually unlimited sight distances along Washington Avenue and North Street according to a traffic expert, who further testified that the operation in accordance with the layout as submitted would not create a traffic hazard or a nuisance. There was also testimony to the effect that lighting would be diffused away from any residential property, and glare would be diverted from oncoming traffic. It was likewise stated that the density of the use on the property in question would be slight, with sufficient space to operate a gasoline station without crowding.

To find error in the manner in which the board made its required findings or that those findings did not fully comply with the standards enumerated in the regulations would compel this court to indulge "in a microscopic search for technical infirmities" in the board's action and would unscrupulously interfere with "the legitimate activities of civic administrative boards." *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 319, 122 A.2d 218.

### III

As required by the regulations, the planning board submitted to the zoning board of appeals its recommendations as to the application for the proposed use of the property as a gasoline service station. Its opinion was that such a use at this location would interfere with the improved flow of traffic anticipated from the planned widening of

Washington Avenue and that the tentative thinking of the majority of the board was that the development of this area is not to include gasoline stations. This opinion was contrary to that proffered by the proponents. The regulations provide that recommendations of the planning board are "advisory" and "shall not be binding upon the Zoning Board of Appeals." Stamford Zoning Regs. § 19 (A) (3) (b) (1965). The zoning board of appeals, confronted with conflicting evidence and opinions, was not compelled to follow the advice of the planning board.

### IV

The plaintiffs likewise urge consideration of five letters containing statements and opinions which were sent to the board some weeks after the public hearing. The board could not properly consider correspondence submitted after the public hearing without providing the necessary safeguards guaranteed to the applicants and the public. This means a fair opportunity to cross-examine witnesses, to inspect documents presented and to offer evidence in explanation or rebuttal. *Wadell* v. *Board of Zoning Appeals,* 136 Conn. 1, 9, 68 A.2d 152. Not to do so would deny the applicants the right to be fully apprised of the facts upon which the board is asked to act. *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 293, 99 A.2d 149; *Wunder* v. *Macomber,* 34 Misc. 2d 281, 290, 228 N.Y.S.2d 552; 2 Rathkopf, Law of Zoning and Planning, p. 44-2.

### V

In hearing and granting the application, which contained a request for a special exception and for a certificate of approval, the board acted in different

capacities. In passing on the application for a certificate of approval, its authority came from the statutes. It acted as the local agency named by the General Assembly to determine the suitability of the applicant's property for the retail sale of gasoline. General Statutes (Rev. to 1966) § 14-321. The two basic requirements which the applicant must prove to justify the approval of a location for the sale of gasoline were considered by the board in this connection. It found, in granting this portion of the application, that (1) "the location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel," and (2) the "use of such location will not imperil the safety of the public." General Statutes (Rev. to 1966) § 14-322. It is true that the evidence offered by the applicants and the opponents was in conflict, but its probative force was for the board. *Davis* v. *P. Gambardella & Son Cheese Corporation,* 147 Conn. 365, 371, 161 A.2d 583. There was evidence in the form of testimony from an independent consultant, experienced in making surveys relative to gasoline stations and public buildings, and from exhibits before the board, which furnished ample support for the conclusion reached by the board. This evidence related to the flow of traffic, vehicular and pedestrian, accidents in the area for a three-year period, and the proximity of buildings to the location. In addition, evidence was offered relative to fire and accident reports at gasoline stations. The general neighborhood of the proposed station was depicted in a series of nine photographs, as well as in an aerial photograph of

the immediate vicinity. The proposed widening and extension of Washington Avenue at the site in question was shown in a map and on a layout of Washington Avenue. All of this, together with the personal knowledge of the members of the board of the situation, could be considered by them in reaching their decision. *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 150 Conn. 558, 562, 192 A.2d 40; note, 75 A.L.R.2d 168, 309; 24 Am. Jur., Gasoline Stations, §§ 7, 10, 11. It cannot be said under the circumstances that the board acted erroneously in granting the certificate of approval.

## VI

The other assignments of error have not been pursued in the brief and therefore should not be considered. The findings of the board are reasonably supported by the record. The plaintiffs have failed to sustain their burden of proof in showing that the board acted illegally, arbitrarily or in abuse of its discretion. *Willard* v. *Zoning Board of Appeals,* 152 Conn. 247, 248, 206 A.2d 110.

There is no error.

In this opinion the other judges concurred.