PRISCILLA GROSS ET AL. *v.* PLANNING AND ZONING BOARD OF APPEALS OF THE TOWN OF GREENWICH ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 2—decision released July 27, 1976

*David Albert,* for the appellants (plaintiffs).

*A. William Mottolese,* town attorney, for the appellee (named defendant).

*Bradford S. Magill,* for the appellee (defendant Galdon, Inc.).

PER CURIAM. This is an appeal from the dismissal by the Court of Common Pleas of the plaintiffs' appeal from the action of the defendant planning and zoning board of appeals of the town of

Greenwich in granting the application of the defendants Gertrud E. Monroe and Galdon, Inc., for a variance of setback requirements and a special exception to permit the construction and operation of a home for the aged in a residential zone.

The plaintiffs, who are abutting owners, claim that the board acted arbitrarily in (1) failing to make a written finding with respect to the granting of the variance as required by § 28a (3) (a) and (b) of the Greenwich zoning regulations, and in (2) granting the variance without sufficient evidence to support a finding of practical difficulty or unnecessary hardship.

Section 28a (3) of the Greenwich building zone regulations enumerates the powers and duties of the board in deciding all requests for variances. Under § 28a (3) the board has the power and duty to "[a]uthorize upon appeal in specific cases variances from the terms of these regulations where by reason of exceptional shape, size, or topography of the lot or other exceptional situation or condition of the building or land, practical difficulty or unnecessary hardship would result to the owners of said property from a strict enforcement of the regulations. Before any variance is granted, the Board must make a written finding in its minutes as part of the record in the case: (a) that special circumstances, described in detail, attach to the property which do not generally apply to other property in the neighborhood and constitute the hardship; (b) that relief can be granted without detriment to the public welfare or impairment to the integrity of these regulations."

It is difficult to conceive of more unequivocal language than that contained in § 28a (3) in setting

forth a prerequisite of written findings before a variance can be granted. In the present case, the board made no specific finding that exceptional difficulty or unnecessary hardship would result to the owner of the property from the strict enforcement of the regulations. It described no special circumstances in detail which do not apply to other properties in the area and which constitute a hardship to the applicants, nor did it find that relief could be granted without detriment to the public welfare, or without impairment to the integrity of the regulations. Moreover, such findings cannot be implied from the minutes or from other portions of the record before us. In granting the variance the board ignored the requirements of the Greenwich zoning regulations, and the variance, therefore, was not properly granted. *Carlson* v. *Zoning Board of Appeals,* 158 Conn. 86, 90, 255 A.2d 841; *Gregorio* v. *Zoning Board of Appeals,* 155 Conn. 422, 428–29, 232 A.2d 330.

The plaintiffs also claim that the proposed use is a "hotel," permitted only in a business zone, rather than a "home for the aged," which is permitted by special exception in a residential zone, and that the exception therefore should not have been granted. That claim requires little discussion. The court found that there was ample evidence before the board which would enable it to consider the use as constituting a home for the aged, and we have been presented with no facts indicating that a contrary conclusion was warranted.

Finally, the plaintiffs argue that the special exception should not have been granted because the board did not specifically find that a series of

requirements imposed by § 28b (3) (a) (d) (e) of the regulations[1] would not be violated by the granting of the exception, and that, in any event, there was insufficient evidence before the board to make such a finding. No specific written findings are required for the approval of a special exception under § 28b (3) of the Greenwich zoning regulations. *Jeffery* v. *Planning & Zoning Board of Appeals,* 155 Conn. 451, 459–60, 232 A.2d 497. The board concluded that "after weighing all the evidence and the factors to be considered on such application, the board finds the special exception may be permitted." The trial court, in its review of the record before it, determined that the board had given consideration to the pertinent requirements of § 28b (3), and that, on the evidence before it, the board could have reasonably determined that the special exception be granted. That conclusion is reasonably supported by the record before us and cannot be disturbed.

There is error in part, the judgment is set aside and the case remanded with direction to render judgment as on file except as to the appeal from the granting of the variance, as to which judgment should enter sustaining the appeal.

---

[1] "[Greenwich Zoning Regulations] § 28b (3) . . . The Board shall grant all applications for special exceptions . . . provided further that the Board shall find in each case that the proposed building or structures or proposed use of land: (a) Will not create a traffic hazard or congestion due to type or amount of vehicles required or hamper the Town pattern of highway circulation. . . . (d) Will not discharge harmful waste material on or under land or into a sewer or drain. (e) Will not be detrimental to the neighborhood or its residents or alter the neighborhood's essential characteristics."