The issue before the court is whether the trial court erred in dismissing the appeal from the defendant planning and zoning commission's decision approving the resubdivision plan of the defendant Senkow Builders, Inc. (hereinafter Senkow).
The relevant facts are as follows: On August 21, 1981, the defendant Senkow filed an application for resubdivision approval of property located in the town of Waterford. Notice of a public hearing on September 21, 1981, to consider Senkow's application for approval of its resubdivision plan, "Revised date August 1981," was published in a local newspaper on September 10 and 17, 1981.
At the hearing on September 21, the commission received evidence and heard testimony for and against the application. A transcript of the hearing discloses that thereafter the chairman of the commission remarked: "I declare this public hearing closed with the exception of receiving additional written comments up until October 5, 1981." The minutes of that meeting state: "Hearing closed at 11:45 p.m. Record will remain open until October 5, 1981 to receive additional written evidence."
The minutes of the October 5 meeting pertaining to the Senkow application read: "Hearing continued from 9/21/81 to receive additional written testimony." Four documents were received as exhibits, including a revision of the resubdivision plans further labeled "Revised — September 1981," which was marked at that time "Exhibit CCC." No testimony by the commission was taken at that meeting.
After reviewing the evidence and testimony presented at the September 21 meeting, the commission voted unanimously to approve Senkow's resubdivision plan on December 7, 1981. Upon the reported advice of town counsel, the commission purportedly did *Page 308 
not consider the exhibits submitted at the October meeting. Both the minutes of the December meeting and the statutory notice of the commission's decision published on December 18, 1981, indicate that the resubdivision approved was that shown on the plan labeled "Revised Oct. 1980." Examination of the approved resubdivision plan returned to the trial court as part of the record of the case appealed from, however, reveals that it was the latest plan, titled "Revised — September 1981," received into evidence at the October 5 meeting as "Exhibit CCC," that the commission approved on December 7, 1981.
The defendant Senkow moved to dismiss the appeal on the ground that "[t]he appeal was not taken within the time limit prescribed by 8-28 of the General Statutes." The trial court granted that motion and dismissed the appeal. From that judgment the named plaintiff has appealed.
General Statutes (Rev. to 1981) 8-28 bifurcates appeals from official actions or decisions of a planning commission into two separate procedures and time schedules. In the first place, "any person aggrieved by an official action or decision, including a decision to take no action, of a planning commission, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of a planning commission, may appeal therefrom, within fifteen days from the date when notice of such action or decision was so published. . . ." Id. On the other hand, "[i]n those situations where the approval of the planning commission must be inferred because of the failure of the commission to act on an application, any person aggrieved by such approval, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in such approval, may appeal therefrom within twenty days after the expiration of the period prescribed *Page 309 
in section 8-26d for action by the commission. . . ." Id. General Statutes 8-26d (a) requires that "[a]ll decisions on such matters shall be rendered within sixty-five days after completion of [the public] hearing."
The trial court found that the public hearing on Senkow's resubdivision application was concluded on September 21. Since the commission failed to act on that application within sixty-five days of that hearing, i.e., on or before November 25, 1981, it concluded that "the Senkow application was automatically approved pursuant to the provisions of Section 8-26 of the Connecticut General Statutes." The court further reasoned that since, under the provisions of 8-28, the plaintiffs had twenty days from the date of the inferred approval within which to take their appeal, the time for appeal had expired on December 15, 1981. The court, therefore, found the plaintiffs' appeal on December 30, 1981, within the time frame of fifteen days allowed under the statute from publication of notice on December 18 of the commission's purported approval of December 7, 1981, to have been late and dismissed the appeal. The plaintiff now claims that the court erred in its determination that the appeal was not timely filed.
The decisive issue here is whether the hearing on Senkow's application concluded on September 21 or on October 5, 1981. Failure by the commission to render its decision within sixty-five days after the completion of the public hearing results in the approval of the resubdivision application by operation of law. General Statutes 8-26 and8-26d (a); Viking Construction Co. v. Planning Commission, 181 Conn. 243, 246, 435 A.2d 29
(1980). We must, therefore, determine when the public hearing concluded for the proper measurement of the legality of the commission's approval on December 7, 1981, because the appeal time follows from that determination under 8-28. If the public hearing ended on September 21, Senkow's resubdivision application *Page 310 
was automatically approved by the commission's failure to act by November 25. General Statutes8-26 and 8-26d (a). On the other hand, if the public hearing was concluded on October 5, then the reported approval of December 7 met the time limitation. In the first instance the plaintiff's appeal on December 30, 1981, would have been late, and in the latter instance timely.
We now consider when the public hearing on the Senkow application concluded. General Statutes8-26d (a) requires that a hearing on the formal application submitted to a planning commission "shall be completed within thirty days after such hearing commences." That provision thus grants the commission the authority to continue a hearing within the specified time limit.
The defendants claim that the commission could not consider the evidence submitted at the October 5 meeting because no opportunity was given to the public to cross-examine, inspect, explain or rebut the evidence pursuant to the chairman's directive of September 21 limiting the further proceedings of October 5, 1981, to "receiving additional written comments." The commission cannot receive evidence after the public hearing without providing those procedural safeguards. Wasicki v. Zoning Board, 163 Conn. 166, 173, 302 A.2d 276
(1972); Parish of St. Andrew's Church v. Zoning Board of Appeals, 155 Conn. 350, 358, 232 A.2d 916
(1967). Those cases, however, apply the principle to determine whether the ultimate decision of a zoning commission is illegal and therefore void. Neither case addresses the issue of whether the purported continuance of a public meeting at which a commission receives documentary evidence but hears no testimony is equivalent to the failure of the commission to act on a resubdivision application. *Page 311 
A review of the transcript of September 21 discloses that the continuation to a later date, a customary procedure of the commission, was made for the purpose of further comments on the application by the public and others in written form and also to allow further revision of the resubdivision plan incorporating suggestions made by town officials. Furthermore, the chairman made it clear that "I set a deadline at the beginning of this hearing which said that it will end at 11:30 and then be continued to October 5, 1981." The minutes of the regular meeting held on October 5 confirm that that did in fact occur: "Hearing continued from 9/21/81 to receive additional written testimony." Any objection to the manner in which that later meeting was conducted implicitly admits that action by the commission on Senkow's application did take place. We therefore conclude that the hearing on the Senkow application ended on October 5, 1981, for the purpose of beginning the sixty-five day period under 8-26d (a) for official decision.
We find Carpenter v. Planning Zoning Commission,176 Conn. 581, 409 A.2d 1029 (1979), inapplicable to the present case. In Carpenter, the court decided that the commission's conditional approval of a subdivision plan was tantamount to a failure to act since 8-26 only authorizes a commission to "approve, modify and approve, or disapprove" any subdivision or resubdivision application. There is no question here of whether the commission took "action" in this context because it is undisputed that the commission approved Senkow's application.
We feel constrained to add that our decision in this appeal addresses only the issue of when the public hearing on the resubdivision application ended. We do not reach the issue of whether the commission could properly have considered the material submitted on October 5 in its final decision. That it did so, at least in part, *Page 312 
is evident, however, by its approval of the plans which were revised in September 1981 and submitted to the commission on October 5 as "Exhibit CCC."
 There is error, the judgment is set aside and the case is remanded for further proceedings.
In this opinion DALY, J., concurred.