[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a property owner and taxpayer of the Town of East Windsor, appeals from the decision of the defendant, the Planning and Zoning Commission of the Town of East Windsor ("the Commission"), granting a special use permit for the sale of beer and wine in a business district to the defendant, Diako, Inc. ("Diako"), doing business as the Millbrook Restaurant located in the Millbrook Plaza West Shopping Complex.
Plaintiff, as a taxpayer of the Town of East Windsor, is an aggrieved person with standing to prosecute the appeal in this case since traffic in liquor is involved. Dolan v. Zoning Board of Appeals, 156 Conn. 426, 428 (1968).
On October 1, 1991 Daiko made an application to the Commission for the special use permit. (Plaintiff's Brief, p. 1).
At a public hearing held on November 12, 1991 Daiko proposed to establish its restaurant in unit (C) within the shopping complex. (Exh. E-9).
Daiko claimed the unit location was in compliance with Regulation Sec. 8.1.5 which allows for the sale of alcoholic beverages in a business district as a special exception as long as it is not within 500 ft. of a church as well as certain other named establishments. The regulation specifically set out the method of measurement as follows:
 The required minimum distance shall be determined by extending perpendicular lines from the nearest customer portal of the use in question and from the nearest portal of any other building in question to the centerline of the nearest public street or streets and measuring the distance along said perpendicular lines and centerline of the public street or streets. (Exh. D, p. 39).
At the public hearing, the town planner, Jose Giner, testified that the distance between the restaurant and the church in question was measured to be approximately 490 ft. with a "wheelie and tape," prior to the restaurant being moved to a unit 65 ft. to the north, away from said church. With the additional 65 ft. added, the distance requirement of the regulation was met. (Exh. C, p. 5).
Plaintiff presented the testimony of Kiram Marjmadar, a CT Page 7070 licensed professional engineer and planning consultant, who measured the distance between the restaurant and church to be 352.23 ft. along the centerline of the road from the portal of the church structure to the restaurant front door, and 360.63 ft. from door to door in a straight line. (Exh. C, p. 7).
Jose Giner subsequently indicated that he measured the distance along the centerline and perpendiculars in order to comply, literally, with the regulation. (Exh. C, p. 8).
The Commission granted the application unanimously. (Exh. C, p. 18).
When ruling on an application for a special permit, the commission acts in an administrative capacity. A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. "Special permit" and "special exception" are terms with the same legal import and may be used interchangeably. A.P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 184-185
(1974).
Once the board determines the use is expressly permitted under the regulations, its remaining duty is to determine whether or not the standards set forth in the regulations are satisfied. Id., p. 185.
In applying the law to the facts of a particular case, the board is endowed with a liberal discretion and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary, or illegal. Double I Limited Partnership v. Planning and Zoning Commission, 218 Conn. 65, 72
(1991).
Courts cannot disturb the decision of a zoning commission if it is reasonably supported by the record. Accordingly, if the record reveals an adequate evidential basis for the board's decision, it will be affirmed. Gross v. Planning and Zoning Board of Appeals, 171 Conn. 326, 329 (1976).
Plaintiff first claims that the decision of the Commission was not reasonably supported by the record. It bases this claim, primarily, on the fact that it, alone, presented expert testimony regarding the distance between the restaurant and the church in question, and this expert testimony was rejected by the Commission.
Plaintiff cites Feinson v. Conservation Commission of Newington, 180 Conn. 421 (1980), for the proposition that a commission's rejection of the only expert testimony may result in a reviewing court's finding that the commission's subsequent CT Page 7071 decision was not based upon sufficient reliable evidence.
In Bradley v. Inland Wetlands Agency, 28 Conn. App. 48
(1992), at page 53, our appellate court interpreted Feinson to hold as follows:
 . . . in matters of technical complexity, such as pollution control, a lay commission without expertise in the area may not substitute its own judgment for contrary expert testimony. To do so without making public the basis of its decision and without offering the applicant an opportunity for rebuttal is to act arbitrarily and without fundamental fairness . . . The plaintiff's appeal in Feinson was upheld because he was given no warning that his evidence would be discredited and was denied an opportunity for rebuttal. (Emphasis added).
A quick review of the facts of this case as previously recited indicates that, at the hearing, the Commission had before it, in addition to the testimony of plaintiff's engineer, the testimony of the town planner as to the distance between the restaurant and the church, based on the specific method of measurement set out in the regulation.
Clearly, plaintiff's reliance on Feinson is misplaced. The method of measurement contained in the regulation was hardly a matter of "technical complexity" requiring the expertise of a licensed engineer, nor was the plaintiff denied his due process rights to have the basis of the Commission's decision made public or to be heard in rebuttal.
Furthermore, the testimony of plaintiff's expert before the Commission clearly indicated that he did not use the method of measurement set out in the regulation; but, rather, measured only along the centerline between the (2) portals in question, and from door to door.
Under the circumstances of this case, the Commission did not act unreasonably, arbitrarily, or illegally in basing its decision on the testimony of the town planner, and in rejecting the testimony of plaintiff's expert. The decision of the Commission is reasonably supported by the record.
Plaintiff next claims that the statutory method of measurement set out in the regulation in question frustrates the intent of the ordinance and further, is arbitrary, unreasonable, and invalid on its face.
Claiming that the obvious purpose of the ordinance is to CT Page 7072 segregate by at least 500 ft. premises selling alcohol from churches and other establishments, plaintiff argues that the method of measurement frustrates that purpose since the further set back from the centerline of the public street the premises in question are, the closer their proximity may be to each other. Plaintiff then cites authority in support of the principle that an enactment must be interpreted to conform with the underlying legislative intent; thus, leading plaintiff to the conclusion that a more efficient method of measurement is necessary to carry out its claimed legislative purpose.
The problem with this argument is that since the body of the ordinance, itself, includes the precise method of measurement in perfectly simple, clear and understandable terms, there is nothing to interpret or construe. The legislative body spelled out precisely the method it intended to have employed for the purpose of carrying out its enactment.
 When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance. Citations omitted. Where there is ambiguity in the statute, however, we ascertain the actual intent by looking to the language of the statute itself, the legislative history, the circumstances surrounding its enactment and its purpose. Citations omitted.
Winchester Woods Associates v. Planning and Zoning Commission,219 Conn. 303, 310 (1991).
In the case at bar there is absolutely no ambiguity in the method of measurement recited in the ordinance.
As previously indicated, plaintiff, further, challenges the constitutionality of that portion of the ordinance, claiming that it is so unreasonable and arbitrary as to be invalid on its face.
 Municipal regulations are upheld as a legitimate exercise of the police power provided that they are rationally related to the public health, safety and welfare and operate in a manner that is not arbitrary, oppressive, or fraudulent. Citations omitted. Whether municipal regulations meet the test of legitimacy must be determined in the light of the circumstances shown to exist in a particular case. Citations omitted.
Wright v. Woodbridge Lake Sewer District, 218 Conn. 144, 149-150
CT Page 7073 (1991).
Of course, plaintiff faces a heavy burden in mounting such a challenge.
 Zoning regulations enjoy a presumption of constitutionality and the party challenging such regulations has the heavy burden of proving their unconstitutionality beyond a reasonable doubt. Citations omitted.
Beacon Falls v. Posick, 212 Conn. 570, 585 (1989).
Nor is the fact that the enactment might operate unconstitutionally under some conceivable set of circumstances sufficient to render it invalid. Shawmut Bank, N.A. v. Valley Farms, 222 Conn. 361, 368-369 (1992).
Plaintiff's rather limited analysis of the legislative purpose behind the ordinance appears to overlook the apparent legislative concern with the proximity of such premises in public rather than private areas. That is, using the particular method of measurement included in the ordinance, the closer the establishments in question are to the public streets and walkways the greater must be the distance between them, while the further the distance from public areas, the less the legislative concern about their proximity to each other. When viewed in the context of such a purpose, the method of measurement does not appear arbitrary or unreasonable.
In any event, under the circumstances of the case at bar, no particular injustice has resulted since the structures in question are more than a football field apart whether measured from door to door, or strictly along the centerline between the structures, even without considering the distances along the perpendiculars to the centerline.
Clearly plaintiff has not satisfied its burden of proof and its constitutional claim must also fail.
Plaintiff's appeal is dismissed.
FASANO, J. CT Page 7074