[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Planning 
CT Page 8127 zoning Commission of the Town of Avon ("Commission") in which the Commission approved plaintiff's proposed subdivision on the condition that public water be supplied to the subdivision.
Plaintiff is an aggrieved person.
The plaintiff's application upon which the Commission acted was:
 App. #1848 — Gorman Construction Company, Inc., owner/applicant, request for 19-lot Subdivision, Westmont, Avon (Section 4), 27.2 acres, located westerly of Old King's Road, Assessor's Map 11, Parcel 193, in a R-40 Zone —
The Commission granted the approval subject to the following conditions:
 1. compliance with items 1, 3, 4, and 5 of the Town Planner's comments in the Staff Memo dated 7/5/90;
 2. compliance with items 1, 2, and 3 of the Town Engineer's comments in the Staff Memo dated 7/5/90;
 3. compliance with items 1 and 2 of the Police Chief/Traffic Authority's comments in the Staff Memo dated 7/5/90; and
 4. that the development be served by public water in a manner similar to Option F in the letter from the Avon Water Company dated August 23, 1990. (Emphasis added).
The central issue in this appeal is whether or not the Commission has the power and authority to require that the plaintiff install public water for its subdivision, as a condition for approval of its application. This court determines that the Commission does not have that power, giver the circumstances of this case.
The Commission claims that Section 5.11.01 of the Avon Subdivision Regulations, which requires public water for any subdivision within a specified distance of existing public CT Page 8128 water service, applies in this case. Sections 5.11, 5.11.01 and 5.11.02 read as follows:
 5.11 WATER — A potable, adequate, and dependable water supply shall be provided for every lot or dwelling unit.
 5.11.01 Public Water Supply — Shall be required to serve all of the following:
i. Any subdivision in an R-15 zone
 ii. Any subdivision within the required distance of an existing water service as determined by the following formula: ultimate number of lots times 50 feet equals distance of extension.
 The ultimate number of lots shall be determined by multiplying the total acreage of the tract by the appropriate density factor. Distance shall be measured from the end of the existing service line along existing or proposed streets or rights of way to the nearest point in the subdivision. (Emphasis added).
 If the Commission determines that it would not be reasonably feasible to serve one or more of the lots in a proposed subdivision with existing public water supply facilities for reasons of elevation, the Commission may permit service of one or more lots with water from private wells in lieu of water from a public water supply. In making this determination, the Commission shall consider whether:
 (1) The extension from existing public water supplies is required in order to provide water service to future developments;
 (2) Such extension is required in order to improve water supply or service in existing developments by providing interconnections between existing public water supply systems;
 (3) Such lot or lots can adequately be served by on site wells under Section 5.11.03 of these regulations; and
 (4) The use of private wells in lieu of a public water supply will have an adverse effect on CT Page 8129 the public health, safety and welfare.
 5.11.02 Fire Hydrants — Where a public water main is extended, fire hydrants shall be installed at the expense of the developer. Fire hydrants shall be located no more than 1,000 feet apart. The location of hydrants shall be subject to the review and approval of the Fire Chief.
The Commission takes the 19 lots in plaintiff's subdivision and 19 lots in prospective Section 5 for a total of 38 lots to determine the ultimate number of lots. Then, by reason of the application of the formulae (38 x 50'), the figure 1,900 feet is reached — as a limit. The Commission concludes that an in-place and operating public water service, The Avon Water Service is approximately 1,600 feet from the plaintiff's subdivision (via Old Kings Road) and consequently brings this subdivision within the purview of the regulation in 5.11.01.
The subdivision (Section 4)[1] is within The Connecticut Water Company franchise area whose existing service is some 4,500 feet away, well outside the 1,900 feet limit. Plaintiff claims that a requirement that a measurement based on a connection with a public water service outside the franchised area is not a correct application of the regulation. This court agrees. It is implicit in the language of the regulation that the existing public water service referred to is one which presently has the right and power to provide public water in the location in question and, in this case, is within 1,900 feet of the subdivision. The Avon Water Company does not have that right or that power.
The Commission, which would have the Avon Water Company supplying public water to the project by effecting a trade/adjustment of service area boundry lines with the Connecticut Water Company, fails to persuade this court, on the state of this record, to say that such a trade/adjustment has been shown to be a reasonable probability.
With respect to the imposition of conditions, our Supreme Court has held "that Commission action which is dependent on action by other agencies over which the Zoning Commission has no control cannot be sustained unless the necessary action appears to be a probability" (citing Stiles v. Town Council, 159 Conn. 212, 221, 268 A.2d 395 (1970). Carpenter v. Planning Zoning Commission, 176 Conn. 581, 592. Neither the Commission nor the plaintiff has any control over the Connecticut water Company or the Avon water Company. CT Page 8130
Record No. 10, p. 2, on which the Commission heavily relies in support of its position falls short of an indication that any such trade adjustment is a reasonable probability.[2]
See also Record No. 9, a letter from The Avon Water Company (8/24/90) to the Avon Town Planner regarding "a possibility of providing water service to the upper portions of the Westmont Subdivision (Phases 4 and 5)" which reads: "In compliance with your request to explore the feasibility of various options discussed, the following is our evaluation of those options." There then follows an explanation of six options of which only option A seems to speak of a trade adjustment concept. It should be noted the Commission conditioned its approval of Public Water "in a manner similar to option F". Option F, in Record No. 9 is entitled "Installation of booster pump station by Avon Water Company for domestic needs only with provision for pumper truck supplement for fire flows during a fire."
In any event, this court, in making the determination that Section 5.11.01 does not apply and that consequently, the Commission is without the power to require Public Water as to this subdivision, finds the Commission, as of the date it acted had no discretion or choice but to approve the application without public water service. See Allied Plywood, Inc. v. Planning Zoning Commission, 2 Conn. App. 506, 512. Also see Record Item 8.
The plaintiff has presently sought to have this court take evidence pursuant to Conn. Gen. Stat. 8-8(k). In the light of this court's disposition herein, no such presentation is necessary. The evidence to be offered, presumably, in large measure, consists of matters relating to the alleged confiscatory effect of requiring the plaintiff to effect a connection with either the Connecticut Water Company or The Avon Water Company.
This appeal is sustained. Only the condition that reads:
 "4. that the development be served by public water in a manner similar to Option F in the letter from the Avon Water Company dated August 24, 1990."
is removed. The Commission's granting approval of the plaintiff's application, in all other respects, remains in force and effect. See parish of St. Andrew's Church v. Zoning Board of Appeals, 155 Conn. 350, 355.
LEONARD W. DORSEY CT Page 8131 STATE TRIAL REFEREE