[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, sixteen property owners in the Town of Redding,[1] appeal a decision of the defendant, Zoning Commission of the Town of Redding (hereinafter "Commission"), granting the application of defendants' Walter and Richard Bloom for a special permit and site plan. The special permit was granted by the Commission subject to two conditions. The Town of Redding is also named as a defendant. The Commission acted pursuant to 5.1 of the Zoning Regulations of the Town of Redding (hereinafter "regulations") and 8-2 of the General Statutes. The plaintiffs appeal the decision of the Commission pursuant to 8-8
CT Page 1564 of the General Statutes.
The Commission approved with conditions the Blooms' application for a special permit and site plan on September 12, 1990. (Return of Record [ROR], Item II-4.) Notice of the Commission's decision was published in the Redding Pilot, pursuant to General Statutes 8-8(b), on September 20, 1990. (ROR, Item II-5.) The defendants were served on October 4, 1990. (Sheriff's Return.) The appeal was filed by the plaintiffs with the clerk of the superior court on October 10, 1990.
Pursuant to General Statutes 8-8(j), the Blooms filed a motion to dismiss and memorandum of law, seeking to dismiss the appeal on the ground that the plaintiffs were not aggrieved. This court granted the motion to dismiss as to ten (10) of the sixteen (16) plaintiffs, but denied the motion as to the Arways, McKormicks, and Smiths. The remaining plaintiffs filed a brief on May 7, 1991. The Blooms and the Commission each filed a brief on June 7, 1991.
This court, in a memorandum of decision issued on October 21, 1991, sustained plaintiffs' appeal and held that the Commission's decision to grant the special permit was void as a result of a separate superior court ruling that nullified a decision of the Conservation Commission of the Town of Redding concerning the same property. The Blooms appealed. The appellate court reversed the decision and remanded the case for further proceedings consistent with its opinion. Arway v. Bloom, 29 Conn. App. 469, 615 A.2d 1075 (1992). The plaintiffs filed a petition for certification to the Supreme Court on December 2, 1992. The Supreme Court granted certiorari,224 Conn. 924-25, ___ A.2d ___ (1993), but then dismissed the appeal on November 2, 1993. Arway v. Bloom, 227 Conn. 799, A.2d (1993).
On March 21, 1990, the Blooms filed an application with the Commission, seeking approval of a site plan and special permit. (ROR, Item I-1.) The Blooms are the contract purchasers of property consisting of 35.77 acres on Starrs Ridge Road in the Town of Redding. (ROR, Item I-1; ROR, Item II-4.) Pursuant to the application, the Blooms sought to use the property as a day camp for 260 children, operating daily, Monday through Friday, for eight weeks during the summer. (ROR, Stem I-2.)
Public hearings on the application were held on May 23, 1990, June 27, 1990 and August 22, 1990. (Supplemental Return of CT Page 1565 Record [Supp. ROR], Item S-I-4, S-II-3.) Extensive discussion ensued during all of the hearings regarding the traffic and safety of the two main access roads to the site, Starrs Ridge and Picketts Ridge Roads, and particularly the intersection of these two roads. (Supp. ROR, Item S-II-1, 2, 3.)
At its meeting of September 12, 1990, the Commission voted by majority to approve the site plan and grant the special exception with the following restrictions:
 (1) Limits of use as specified in Item #24, Line #1, of the Conservation Commission's Conditions, of Approval, which reads, "That limits of use of the property are hereby defined as one single family residence, year round, and one summer day camp to serve no more than 300 people (including staff) five days per week for no more than eight weeks per year, from the hours of 9:00 am to 4:00 pm daily during those eight weeks.
 (2) That the applicant be required to bear reasonable expense to improve the intersection of Starrs Ridge Road and Picketts Ridge Road, as determined by the Board of Selectmen and the Town Highway Department.
(ROR, Item II-4.) Legal notice of the decision was published in the Redding Pilot on September 20, 1990. (ROR, Item II-5.)
Aggrievement is a prerequisite to maintaining an appeal from a decision of a planning and zoning commission. Connecticut General Statutes, 8-8; Primerica v. Planning Zoning Commission,211 Conn. 85, 92, 558 A.2d 646 (1989). The issue of the plaintiffs' aggrievement was decided by this court in its October 21, 1991 memorandum of decision regarding the defendant applicants' motion to dismiss. The court determined that the Arways and the McKormicks have standing to bring this appeal because they own or occupy land that either abuts or is within a radius of 100 feet of the property involved in this appeal. The court further found the Smiths to be classically aggrieved, based on the close proximity of their property to the proposed day camp.
Pursuant to General Statutes 8-8(b), an appeal must be commenced by service of process within fifteen days from the date that notice of the decision was published, as required by CT Page 1566 the general statutes. Notice of the Commission's decision was published on September 20, 1990. The defendants were served on October 4, 1990, within fifteen days of publication of the decision. Consequently, the appeal is timely.
The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers. Connecticut Resources Recovery Authority v. Planning Zoning Commission,225 Conn. 731, 755, 626 A.2d 705 (1993); Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73,538 A.2d 1039 (1988). "The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution." Stiles v. Town Council, 159 Conn. 212, 219,268 A.2d 395 (1970). Thus, the court may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion; Frito-Lay, Inc. v. Planning 
Zoning Commission, supra, 273; or where the commission acted unfairly, without proper motives, and upon invalid reasons. Devaney v. Zoning Board of Appeals, 143 Conn. 322, 325,122 A.2d 303 (1956). The burden to demonstrate that the local authority acted improperly is on the plaintiff. Adolphson v. Zoning Board of Appeals, 179 Conn. 650, 654, 427 A.2d 1346 (1980).
The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. Conn. Resources Recovery Authority, supra, 755. If the court finds that there was insufficient evidence to support the findings and conclusions of the agency, it must sustain the appeal. Id. The agency's decision should be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. Zoning Commission of Simsbury, 173 Conn. 23, 26, 376 A.2d 385
(1977).
The plaintiffs assert that the Commission's approval of the site plan and granting of the special permit, in the absence of any meaningful findings in regard to traffic, safety and impact on the surrounding community, violated various provisions of the Commission's own regulations. Specifically, plaintiffs argue that the Commission violated 5.1 and 5.1.3 of the regulations by failing to make any such findings.
The plaintiffs further argue that the Commission failed, in CT Page 1567 violation of the regulations, to adhere to the "overwhelming nature of the testimony . . . as to lack of safety of access roads and the negative impact on public health, safety and welfare resulting from the proposed day camp facility . . . ." (Plaintiffs' Brief, p. 34.) The plaintiffs assert that comments made by Commission members during the deliberations reveal that the Commission approved the application "for reasons not consonant with the directives of the . . . regulations," in that traffic and safety concerns were "brushed aside." (Plaintiffs' Brief, p. 34.)
The plaintiffs additionally argue that the second condition imposed by the Commission is vague and not subject to reasonable interpretation, thereby rendering the purported approval a nullity for the reason that the condition is intimately connected with the decision and requires approval of another town agency.
The terms "special permit" and "special exception" have the same legal import and can be used interchangeably. Felsman v. Zoning Commission, 31 Conn. App. 674, 677, 626 A.2d 825 (1993). A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. Id., 677-78. "The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to promote the public health, safety, convenience, and property values. General Statutes 8-2." (Citations omitted; internal quotation marks omitted.) A.P. W. Holding Corporation, 167 Conn. 182, 185, 355 A.2d 91 (1974).
When considering an application for a special permit, the local authority acts in an administrative capacity. Farina v. Zoning Board of Appeals, 157 Conn. 420, 422, 254 A.2d 492
(1969). The function of the local authority is to determine whether the applicant's proposal satisfies the conditions set forth in the zoning regulations. Id.
Section 5.1 of the Zoning Regulations of the Town of Redding states that "[a] use subject to Special Permit shall not be established, altered or enlarged until specific findings and approval have been made by the Zoning Commission under the following regulations." (Emphasis added.) Section 5.1.3, titled "Required Findings", further states that "[b]efore granting any Special Permit application, the Commission shall determine: CT Page 1568
 (a) The proposed use is consistent with the purpose of these Regulations (Article II).
 (b) The location of the site, and the location, nature, size and intensity of the proposed buildings, structures, parking, uses and activities will be in harmony with adjacent areas, and will not impair the residential values or natural environment of the nearby area and of the community.
 (c) Parking areas, traffic access, water supply, sewage disposal, stormwater control, fire and police protection, and utility services will be adequate for all proposed uses.
. . .
 (f) All other standards of these Regulations are satisfied.
In A.P. W. Holding Corporation v. Planning Zoning Board, supra, the Connecticut Supreme Court addressed a zoning regulation that authorized the local zoning board to issue a special permit "provided it shall find" certain facts regarding the use and surrounding area. (Emphasis added.) The board granted the defendant's application, but failed to give any reasons for doing so. The court held that this failure alone was not a sufficient ground to sustain the appeal, but instead the trial court must search the record to find a basis for the action. See Parks v. Planning Zoning Commission, 178 Conn. 657,662, 425 A.2d 100 (1979); Double I Ltd. Partnership v. Planning Zoning Commission, 218 Conn. 65, 588 A.2d 624 (1991).
 Although it is desirable for a zoning authority to state the grounds [for the decision] . . . and the failure to do so renders the court's review more cumbersome, it does not preclude the court from upholding the [local authority's] decision. If the [local authority] fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken.
(Citations omitted.) Stankiewicz v. Zoning Board of Appeals,15 Conn. App. 729, 732, 546 A.2d 919 (1988). CT Page 1569
In Gross v. Planning Zoning Board of Appeals, 171 Conn. 326,370 A.2d 944 (1976), the supreme court distinguished two zoning regulations, the first requiring a "written finding" and the second mandating that the board "shall find" certain criteria. The court determined that written findings were a prerequisite to the granting of the application pursuant to the first regulation. However, under the second regulation no specific written findings were required for the approval. Instead, it was sufficient for the trial court to review the record to determine that the board had given consideration to the pertinent requirements and to determine that the board could have reasonably decided, on the basis of the evidence before it, that the special exception be granted. Id., 329.
In light of the foregoing case law, it is clear that the Commission's failure to make specific findings does not render the Commission's decision invalid. Rather, it is incumbent on the trial court to search the record and determine if a basis exists for the action taken by the Commission.
Plaintiffs essentially contend that the evidence in the record that supports the decision should be disregarded in favor of the evidence in the record that indicates the unsafe nature of the traffic situation. The Blooms submitted with the application a report, dated November 22, 1989, by I.K. Chann Associates. This report examines, inter alia, the existing road conditions around the proposed site, the traffic volumes, the existing road capacity, the estimated traffic generation of the camp and the future roadway capacity. (ROR, Item I-11.) This report concludes that the proposed use of the site will have a negligible impact on the capacity and operations of one of the access roads which will continue to operate at the "highest and best level", as defined by the Highway Capacity Manual. (ROR, Item I-6.) The report further concludes that the site lines provided are "very good". (ROR, Item I-6.) With regard to the second access road at issue, the report concludes that even with the proposed increased traffic, it will be well below its capacity. (ROR, Item I-6.) In summary, the report concludes that the proposed site can be satisfactorily accommodated in terms of traffic operations and safety. (ROR, Item I-7.) The record includes, pursuant to the Commission's request, an "Additional Traffic and Accident Data" report by I.K. Chann Associates, dated June 5, 1990, which indicates that only one accident was reported at the intersection of Picketts Ridge Road CT Page 1570 and Starrs Ridge Road during the period of October 1986 to September 1989. Finally, the record contains a third report of I.K. Chann Associates, dated August 2, 1990, which is labeled "Updated Traffic Counts". (ROR, Item III-27.) This report addressed the traffic volume update and concluded that the traffic volume of the access roads remained "relatively low". Certainly, the presence of the I.K. Chann Associates report in the record provides sufficient evidence of no adverse impact to traffic or safety to support the decision of the Commission.
As a second condition, the Commission granted the application for the special permit subject to the following:
 That the Applicant be required to bear reasonable expense to improve the intersection of Starrs Ridge Road and Picketts Ridge Road, as determined by the Board of Selectmen and the Town Highway Department.
(ROR, Item II-4.)
The plaintiffs argue that this condition as written is vague and not subject to reasonable interpretation, thereby rendering the purported approval to be a nullity for the reason that the condition is intimately connected with the decision and requires approval of another town agency.
The conditions under which an exception is permitted must be found in the regulations themselves and cannot be altered. Parish of St. Andrew's Church v. Zoning Board of Appeals,155 Conn. 350, 232 A.2d 916 (1967). Section 5.6(b) of the regulations states that "[w]here the site plan proposes a facility which will generate a significant increase in traffic volume, the Commission may require the applicant to . . . [i]mprove the access road leading to the site as required for vehicular and pedestrian safety." Thus, 5.6(b) of the regulations authorizes the imposition of an otherwise valid condition that seeks to improve an access road.
General Statutes 8-2 states that local zoning regulations may provide that certain uses of land may be permitted only after obtaining a special permit subject to standards set forth in the regulations and to conditions necessary to protect the public health, safety, convenience and property values. Farmington v. Viacom Broadcasting, Inc., 10 Conn. App. 190, 194,522 A.2d 318 (1987). Section 5.1.3(c) of the regulation CT Page 1571 provides that before granting any special permit application, "the Commission shall determine . . . traffic access . . . will be adequate for all proposed uses."
The granting of a special exception is illegal and arbitrary if a condition imposed on the grant is contrary to a requirement specified in the zoning regulations. Farina v. Zoning Board of Appeals, supra, 421. A special exception subject to certain conditions may be granted if there exists authority to impose such conditions and none of the conditions imposed altered any requirement prescribed in the zoning regulations. Id., 422. A condition imposed by a commission without being warranted by the regulations is void. Beckish v. Planning Zoning Commission, 162 Conn. 11, 15, 291 A.2d 208
(1971).
The regulation at issue in Farina v. Zoning Board of Appeals, supra, stated that prior to granting a special exception, the board must find "that the existing public streets are suitable and adequate to handle any additional traffic generated by the proposed use." Id., 421. The board granted the special exception subject to the condition that a road "shall be widened at the direction of the town traffic commission so as to be suitable and adequate to handle the traffic generated by the . . . project." Id., 422. The court held that the grant of the special exception was illegal because the regulation required that the board determine the extent of the traffic increase owing to the proposed development and what corrective measures would be required. Id., 423. The court held that the condition amounted to an unlawful delegation of a duty, as the zoning board does not have the power to change one of the requirements of the zoning regulations by imposing a condition which is clearly contrary to a requirement of the regulations. Id., 423.
The imposition of a void condition, however, does not necessarily render the whole decision illegal. Parish of St. Andrew's Church v. Zoning Board of Appeals, 155 Conn. 350, 354-55,232 A.2d 916 (1967). If the decision is otherwise supported by sufficient grounds as found by the commission, a modification of the decision may be decreed with a view toward ending further litigation. Id. However, where a condition, which was the chief factor in the granting of an exception, is invalid, the exception must fall. Vaszauskas v. Zoning Board of Appeals,215 Conn. 58, 66, 574 A.2d 212 (1990). "[T]he dispositive consideration is whether the condition was an `integral' part of the CT Page 1572 zoning authority's decision . . . ." Id.
In the present case, the court finds that the condition imposed by the Commission is an illegal and void condition, as it is contrary to 5.1.3 of the regulations. Section 5.1.3 mandates that the Commission must determine that the traffic access to the proposed site is adequate before granting the special permit. The condition imposed by the Commission, in effect, delegates this responsibility to the Board of Selectmen and the Town Highway Department, and thus illegally changes a requirement of the regulations. Certainly, it would be impossible for the Commission to fulfill the duty imposed by the regulations, namely to determine that the traffic access will be adequate for the proposed camp, when the Commission transfers the responsibility for making the decision as to the scope of improvements to another municipal body. The condition is an integral part of the Commission's decision, and thus renders the entire decision illegal.
The defendants rely on Lurie v. Planning Zoning Commission, supra, to support their assertion that the condition is valid. The court in Lurie held that where an exception or a special permit is granted and the grant is otherwise valid except that it is made reasonably conditional on favorable action by another agency or agencies over which the zoning authority has no control, its issuance will not be held invalid solely because of the existence of any such condition. Lurie v. Planning Zoning Commission, supra, 307. Conditional approval of a special permit does not require evidence that the other agency will act favorably on the future request. Blaker v. Planning Zoning Commission, 212 Conn. 471, 482, 562 A.2d 1093
(1989).
The court in Lurie distinguished Farina by noting the specificity of the condition imposed by the commission in Lurie. The court stated that "[i]t would unduly lengthen this opinion to include even a summary of the findings made by the defendant commission" and that "the commission itself determined precisely what on-site and off-site changes should be effectuated" to comply with the zoning regulations. Lurie v. Planning Zoning Commission, supra, 299, 301. Clearly, the present case may be distinguished in the same manner as the court in Lurie distinguished Farina. The Commission in this case failed to provide any guidelines regarding the proposed improvements to the problem intersection to assist the other municipal agencies in CT Page 1573 formulating a solution. Thus, it is evident that Lurie is inapplicable to the case at hand in that the grant of the special permit is not "otherwise valid" except for the condition. Instead, the condition imposed by the Commission is invalid. Accordingly, the plaintiffs' appeal is sustained on this ground.
WEST, J.