■ In the Matter of ARTHUR SIMENSKY et al., Respondents, v. GEORGE H. MANGRAVITE et al., Constituting the Board of Trustees of the Incorporated Village of Lynbrook, Appellants.— In a proceeding under article 78 of the Civil Practice Act to review and annul a determination of the Board of Trustees of the Incorporated Village of Lynbrook, denying petitioners' application for a special exception to erect an apartment house with variances from the provisions of Zoning Ordinance No. 55 of said village, the said board appeals from an order of the Supreme Court, Nassau County, dated December 19, 1961, which: (1) granted the petition; (2) annulled the board's determination; and (3) directed the board to cause a building permit to be issued to petitioners subject to such reasonable conditions as may be imposed pursuant to subdivision (d) of article 14A of said Zoning Ordinance. Order reversed, on the law, without costs; and petition dismissed, without costs. The facts contained in the Special Term's decision and opinion are affirmed. It is conceded that petitioners' proposed apartment house would violate the village zoning ordinance. That ordinance prohibits such structures in excess of 2½ stories and in excess of 30 feet in height; it requires parking spaces to be provided; and each such parking space must measure 12 feet by 20 feet. The ordinance permits one and two-family houses of three stories and up to 45 feet in height. In our opinion, this application for a " special exception" to relieve petitioners from compliance with the above provisions could not properly be made to the Village Board of Trustees. Although we note that counsel has raised no valid objection to the enactment of special exception procedure in relation to height and parking space requirements, as distinguished from "use" restrictions, the instant ordinance has not made that procedure so applicable. Special exception procedure applies only to uses or improvements expressly permitted by the zoning ordinance, but with such permission subject to approval by an official body, e.g., a Zoning Board of Appeals (*Matter of Syosset Holding Corp.* v. *Schlimm*, 15 Misc 2d 10, mod. 4 A D 2d 766; 1 Rathkopf, Law of Zoning and Planning, ch. 54, § 1). Here, there is no such permission; the proposed improvement is flatly prohibited. In any event, the board's determination was not capricious (*Matter of Lemir Realty Corp.* v. *Larkin,* 10 A D 2d 1005, affd. 11 N Y 2d 21). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ MICHAEL KAPLAN et al., Respondents, v. GRAND UNION COMPANY, Appellant.— In an action to recover damages for personal injuries, medical expenses and loss of services resulting from the female plaintiff's fall on the premises of defendant, a foreign corporation doing business in the State of New York, the defendant appeals from an order of the Supreme Court, Westchester County, dated February 27, 1961, entered in Orange County, March 21, 1961 made upon reargument, which adhered to the court's original decision of November 29, 1960, and denied defendant's motion to set aside the service of a summons upon its store manager. Order affirmed, with $10 costs and disbursements, with leave to defendant to serve an answer within 20 days after entry of the order hereon. No opinion. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.