Mario Pittoni, J.
This is an application pursuant to article 78 of the Civil Practice Act for an order reviewing and annulling a determination of the respondent Board of Trustees of the Incorporated Village of Lynbrook wherein a special exception permit-to extend a business use on petitioner’s property into a portion of the property zoned for residential use was denied.
*663 The subject property is located on the southeast corner of Union and Scranton Avenues, Lynbrook, New York. Since prior to the adoption of the Zoning Ordinance a gasoline station has been in operation on a portion of the petitioner’s property. As the result of a road widening project on Union Avenue the area devoted to that use has been reduced. The petitioner contends that it would work an unnecessary hardship on it if it were not permitted to make use of a portion of its property' on Scranton Avenue, and presently zoned Residence A, for its business use.
It appears that a gasoline station is a prohibited use in both a Residence A and a Commercial Zone (Zoning Ordinance No. 55 of Incorporated Village of Lynbrook, art. IV, § II [k]; art. VI, § II [1]). The present use, therefore, has a nonconforming status. But according to section 1 (G) of article III “ No nonconforming user shall be extended to displace a conforming use.” Since the extension of a nonconforming use is expressly prohibited by the Zoning Ordinance, the respondent was without power to grant a special exception permit. As recently written with regard to Zoning Ordinance No. 55, “ Special exception procedure applies only to uses or improvements expressly permitted by the zoning ordinance, but with such permission subject to approval by an official body * * *. Here, there is no such permission; the proposed improvement is flatly prohibited. ’ ’ (Matter of Simensky v. Mangravite, 16 A D 2d 977, affd. 12 N Y 2d 908; emphasis supplied.)
Accordingly, since the respondent was without power to grant a special exception permit under article 14A of the Zoning Ordinance, it may not be held that the determination was arbitrary or unreasonable. To the contrary, it was the only determination which could have been made.
Application is denied.