Mario Pittoht, J.
Although labeled an application for an order pursuant to article 78 of the Civil Practice Act, this proceeding, which was commenced by the service of the petition after September 1, 1963, will be considered as a petition for a judgment pursuant to article 78 of the Civil Practice Law and Rules.
The papers. submitted disclose that on July 10, 1963 the respondent Board of Zoning Appeals granted: (1) a “ special exception ” permitting the respondent Merrick Estates Civic Association, Inc., to construct a bathhouse, swimming pool and filter building on property described on the Nassau County Land and Tax Map as Lots 33, 53 and 54 in Section 62, Block *969 197 — property on the southeast side of Shore Drive, 1321.81 feet south of Leonard Lane in Merrick, N. Y.; (2) a variance to eight feet of side yard requirements; (3) a variance of off-street parking requirements for eight automobiles.
The respondent Board of Zoning Appeals is authorized by ordinance (Building Zone Ordinance of Town of Hempstead, art. 12, § Z-5.0, subd. [a], par. [2]) to permit a “ Club ” use in a Residence A or B District. The premises are located in a Residence B District. However, by section SP-1.0 of the ordinance the Town Board has expressly limited the installation of outdoor swimming pools “ only as an accessory to a dwelling for the private use of the owners or occupants of such dwelling and their families and guests, or as accessory to a nursery school or day camp for children ’ ’. Assuming that the proposed use would be by a group which could be classified as a “ Club ”, since the ordinance expressly prohibits the installation of swimming pools except in the places noted and a “ Club ” could not have an outdoor swimming pool, the respondent Board of Zoning Appeals was without power to grant such use as a special exception. As stated in Matter of Simensky v. Mangravite (16 A D 2d 977, affd. 12 N Y 2d 908): “ Special exception procedure applies only to uses or improvements expressly permitted by the zoning ordinance, but with such permission subject to approval by an official body, e.g. a Zoning Board of Appeals * * #. Here, there is no such permission; the proposed improvement is flatly prohibited.” (See, also, Matter of Tidewater Oil Co. v. Mangravite, 38 Misc 2d 662.)
As to the variances granted, the findings of the respondent board do not contain facts to show the existence of practical difficulties in complying with the side yard requirements — all that is stated is “With respect to case #538, the Board finds that the applicants’ request for a side yard variance is reasonable and should be granted. ’ ’
The observation may be made with regard to the special exception requested that even if the facts would sustain the issuance of a variance permitting the construction of a swimming pool by the respondent Civic Association on the ground of practical difficulties or unnecessary hardship, the court would be without power to affirm the respondent board’s determination on that basis. (See Goldstein v. Board of Appeals of Town of Oyster Bay, 102 N. Y. S. 2d 922; Matter of Cunningham v. Planning Bd. of Town of Brighton, 4 A D 2d 313.)
Accordingly judgment will be granted in favor of the petitioner annulling and setting aside the special exception permit and variances granted on July 10, 1963.