JOAQUIM F. GREGORIO *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF WINDSOR ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 13—decided July 20, 1967

*Preston F. Harding,* with whom was *Louise H. Hunt,* for the appellant (defendant Phillips Petroleum Company).

*Norman J. Bernstein,* for the appellant (named defendant).

*Arthur M. Lewis,* with whom was *Peter J. Preisner,* for the appellee (plaintiff).

RYAN, J. The defendant Phillips Petroleum Company applied to the defendant zoning board of appeals to permit the use of the premises at 793 Poquonock Avenue as a gasoline filling station and merchandise store. It requested approval as a special use under § 3.22.02 of the zoning regulations and the granting of a variance of the provisions of § 6.07.01 of the zoning regulations of the town of Windsor, which prohibits the erection of an auto service station within 400 feet of any building or premises used for the storage or sale of motor fuels. The plaintiff, who is the lessee and proprietor of a gasoline station which is across the street from the proposed auto service station, and within 400

feet of it, was unaware of the public hearing and did not appear there. On December 2, 1964, the zoning board of appeals approved the application for the special use and the variance. The plaintiff appealed to the Court of Common Pleas, alleging that he was aggrieved by the board's decision, that the board failed to give notice of the public hearing as required by § 8-7 of the General Statutes and that, in granting the application, the board acted illegally, arbitrarily and in abuse of its discretion. The trial court sustained the plaintiff's appeal, and the defendants Phillips Petroleum Company and the zoning board of appeals have appealed from that decision.

There are three principal issues before this court: (1) Was the plaintiff an aggrieved party? (2) In granting the special use and variance did the board act illegally, arbitrarily and in abuse of its discretion? (3) Were the provisions of § 7 of No. 305 of the 1931 Special Acts (21 Spec. Laws 275) as to notice of hearing before the Windsor zoning board of appeals superseded by § 4 of No. 614 of the 1959 Public Acts (General Statutes § 8-7)?

The trial court heard additional evidence on the question of the plaintiff's aggrievement and made a limited finding of facts. The plaintiff's station, which is leased from Texaco, Inc., is on the westerly side of interstate route 91 near its intersection with Poquonock Avenue. On the easterly side of route 91 on Poquonock Avenue, there is an Atlantic gasoline station some 600 to 700 feet away from the plaintiff's station. The proposed station would be constructed at 793 Poquonock Avenue directly across the street and less than 100 feet from the plaintiff's leased station. The Phillips Petroleum Company applied for and was granted permission

to use the subject premises for a gasoline filling station as a special use under § 3.22.02 of the zoning regulations. It also requested and was granted a variance of the provisions of § 6.07.01 of the zoning regulations which required a minimum distance of 400 feet between the building or premises of one gasoline filling station and the building or premises of another gasoline filling station. In so doing, the board permitted the proposed use within 400 feet of the plaintiff's station. The plaintiff has made a substantial investment in his station, and another station directly across the street would increase competition and affect the plaintiff's business adversely by causing him to lose business. Poquonock Avenue is only thirty feet wide. The court concluded that the proposed station of the Phillips Petroleum Company would cause traffic hazards because of its location in relationship to the interstate route 91 ramp heading south and that it would imperil the safety of the public because of the traffic hazards developing from its establishment. It also concluded that the plaintiff is aggrieved by the action of the board for the following reasons: (1) It relates directly to the present location of the plaintiff's station. (2) It affects the plaintiff directly. (3) It raises the probability of increased traffic hazards and traffic congestion if the proposed station enters into operation. (4) It threatens to depreciate his substantial investment in his lease, personal property and the property rights connected with his present station.

"To be entitled to an appeal from a decision of the planning or zoning authorities, appellants must allege and prove that they were aggrieved parties. 'They are required to establish that they were aggrieved by showing that they had a specific, per-

sonal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal rights. . . .' *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 660, 211 A.2d 687." *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545. The fact that the proposed gasoline station would result in competition harmful to the plaintiff's business would not be sufficient to qualify the plaintiff as an aggrieved person. *Mott's Realty Corporation* v. *Town Plan & Zoning Commission,* 152 Conn. 535, 537, 209 A.2d 179; *Whitney Theatre Co.* v. *Zoning Board of Appeals,* 150 Conn. 285, 287, 189 A.2d 396; *Mills* v. *Town Plan & Zoning Commission,* 145 Conn. 237, 240, 140 A.2d 871. The additional findings of the trial court, however, that the action of the board relates directly to the location of the plaintiff's gasoline filling station, affects the plaintiff directly, and raises the probability of increased traffic hazards and traffic congestion if the proposed station enters into operation constitute valid grounds for aggrievement. It was the court's function to decide whether, under these well-established principles, the plaintiff had proved that he was aggrieved. *Bright* v. *Zoning Board of Appeals,* 149 Conn. 698, 704, 183 A.2d 603. It cannot be said that on these facts the trial court was in error in finding that the plaintiff was an aggrieved party.

In sustaining the plaintiff's appeal, the trial court concluded that the zoning board of appeals of the town of Windsor acted illegally, arbitrarily and in abuse of its discretion in granting the variance from the application of § 6.07.01 of the zoning regula-

tions[1] in that: "The defendant Phillips Petroleum Company did not set forth exceptional difficulty or unusual hardship for the variance to have been granted." The appellants assign error in this conclusion and claim that the board did not act illegally, arbitrarily, and in abuse of its discretion. "The power to grant a variance in the application of established zoning regulations should be exercised charily. *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 120, 90 A.2d 647. The obvious reason is that unless great caution is used and variances are granted only in proper cases, the whole fabric of town- and city-wide zoning will be worn through in spots and raveled at the edges until its purpose in protecting the property values and securing the orderly development of the community is completely thwarted. *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 309, 71 A.2d 91; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 540, 45 A.2d 828; *Grady* v. *Katz,* 124 Conn. 525, 529, 1 A.2d 137." *Heady* v. *Board of Zoning Appeals,* 139 Conn. 463, 467, 94 A.2d 789; *Rogers* v. *Zoning Board of Appeals,* 154 Conn. 484, 487, 227 A.2d 91.

The powers of the board are expressly set forth in the zoning regulations of the town of Windsor.[2]

---

[1] "[Windsor Zoning Regs. § 6.07.01 (1964).] No permit shall be issued for the erection of a public garage or auto service station, or for the conversion of any premises for such purposes, if any part of a building . . . to be used is within 400 feet of any entrance to a public park or playground; or within 400 feet of the nearest point of any building in which there is established or maintained a school, hospital, church, theater, public library or building for civic assembly; or within 400 feet of any building or premises used for the storage or sale of motor fuels."

[2] "[Windsor Zoning Regs. § 8.04 (1964).] To vary the strict application of any of the requirements of these regulations in the case of an exceptionally irregular, narrow, shallow, or steep lot or other exceptional physical condition as a result of which strict

In granting the variance, the board made no finding that exceptional difficulty or unnecessary hardship would deprive the owner of the reasonable use of the land or building involved. The provisions of the zoning regulations expressly required not only that such a finding be made but also that the board's reasons be fully set forth in the finding. To grant the variance it was necessary for the board to find that the strict application of the regulations would result in exceptional difficulty or unusual hardship, that there are special circumstances or conditions peculiar to the subject premises which do not apply generally to land or buildings in the neighborhood, and that the strict application of the provisions of the regulations would deprive the applicant of the reasonable use of the land or buildings. Windsor Zoning Regs. §§ 8.04, 8.04.01, 8.04.02 (1964). The board granted the variance without a finding of any

application would result in exceptional difficulty or unusual hardship that would deprive the owner of the reasonable use of the land or building involved, but in no other case. No variance in the strict application of any provisions of these regulations shall be granted by the Board of Appeals unless it finds:

"§ 8.04.01 That there are special circumstances or conditions fully described in the findings of the Board, applying to the land or buildings for which the variance is sought, which circumstances or conditions are peculiar to such land or building, and do not apply generally to land or buildings in the neighborhood, and have not resulted from any act subsequent to the adoption of these regulations, whether in violation of the provisions hereof or not; and

"§ 8.04.02 That, for reasons fully set forth in the findings of the Board, the aforesaid circumstances or conditions are such that the strict application of the provisions of this ordinance would deprive the applicant of the reasonable use of such land or building and the granting of the variance is necessary for the reasonable use of the land or building, and that the variance as granted by the Board is the minimum variance that will accomplish this purpose, and

"§ 8.04.03 That the granting of the variance will be in harmony with the purposes and intent of these regulations, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare."

kind and, of course, without stating its reasons for the action. In so doing it completely ignored the requirements of the regulations. The trial court was correct in refusing to approve the action of the board in granting the variance. *Goldberger* v. *Zoning Board of Appeals,* 153 Conn. 312, 315, 216 A.2d 424; *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 143, 215 A.2d 104; *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894.

The board also granted the application of the Phillips Petroleum Company for a special use. The board of appeals is empowered by §§ 3.22 and 3.22.02 to authorize a gasoline filling station as a special use, subject to standards detailed in §§ 8.05, 8.05.01, 8.05.02 and 8.05.03 of the zoning regulations. "In approving the application, the board of appeals was actually granting a special exception. Whether or not that precise term is used in the particular zoning regulations is not material. See *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 678, 192 A.2d 886; *Summ* v. *Zoning Commission,* 150 Conn. 79, 87, 186 A.2d 160; *St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712, 714, 184 A.2d 42. A special exception allows a property owner to put his property to a use which the regulations expressly permit under conditions specified in the zoning regulations themselves." *Huhta* v. *Zoning Board of Appeals,* 151 Conn. 694, 696, 202 A.2d 139. "Where the ordinance states the conditions which govern approval of a special exception permit at the location applied for, the board has no power to disregard or vary the conditions expressed, as where the ordinance provides for a special permit for a gasoline station '. . . but not nearer than 1,000 feet from an existing gasoline station.' In such case, the board cannot

approve the issuance of a permit for a gasoline station which would be only 600 feet from an existing station." 2 Rathkopf, Law of Zoning and Planning (3d Ed.) 1966 Cum. Sup. to p. 54-30; *Matter of Lynch* v. *Gardner,* 15 App. Div. 2d 562, 222 N.Y.S.2d 955; *Matter of Texas Co.* v. *Sinclair,* 279 App. Div. 803, 109 N.Y.S.2d 478, aff'd, 304 N.Y. 817, 109 N.E.2d 472. Special exception procedure applies only to uses or improvements expressly permitted by the zoning regulations, but with such permission being subject to approval by an official body such as a zoning board of appeals. *Matter of Simensky* v. *Mangravite,* 16 App. Div. 2d 977, 230 N.Y.S.2d 170, aff'd, 12 N.Y.2d 908, 188 N.E.2d 270; *Barr* v. *Michaelis,* 40 Misc. 2d 968, 244 N.Y.S.2d 420; see *McCormick* v. *Planning & Zoning Commission,* 146 Conn. 380, 382, 151 A.2d 347.

In the instant case there is no such permission. The provisions of § 6.07.01 of the zoning regulations expressly prohibit the granting of a permit for a gasoline filling station within 400 feet of another such station. The board was without authority to grant the special use.

The third assignment of error relates to the conclusion of the trial court that the notice of the public hearing of November 4, 1964, was improper and insufficient. The notice complied with the requirements of § 7 of No. 305 of the 1931 Special Acts (21 Spec. Laws 275), a special act concerning zoning in the town of Windsor, and with § 8.06 of the zoning regulations of the town of Windsor. It did not, however, comply with the notice requirements of § 8-7 of the General Statutes, and the trial court decided that the provisions of the General Statutes must be followed. We recently pointed out in *Puskarz* v. *Zoning Board of Appeals,* 155 Conn.

360, 365, 232 A.2d 109, that, unless the legislative body of the municipality has adopted the provisions of chapter 124 of the General Statutes, the general zoning enabling act, in the manner provided in § 8-1 of the General Statutes, the provisions of § 8-7 do not apply to such a municipality. Since the legislative body of the town of Windsor did not adopt chapter 124 until November 30, 1964, some twenty-six days after the hearing in question, the trial court was not correct in concluding that the notice was invalid.

The conclusion of the trial court that the action of the board was illegal, arbitrary and in abuse of its discretion cannot be disturbed.

There is no error.

In this opinion the other judges concurred.