[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the Coventry Zoning Board of Appeals (ZBA) granting a special exception to construct a residence on a non-conforming building lot.
The plaintiff is an abutting owner of property to the property which is the subject of said special exception. The Court finds she is aggrieved by the decision of the ZBA. General Statutes8-8(b); Smith v. Milford Planning Zoning, 203 Conn. 317 (1987). A zoning board of appeals in granting a special exception, acts in an administrative capacity. It cannot grant the special exception unless there is compliance with prerequisite conditions of the zoning regulations, and the zoning board cannot disregard the requirements of its zoning regulations. Gregorio v. Windsor Zoning Board of Appeals, 155 Conn. 422 (1967); St. Andrew's Protestant Episcopal Church v. Stamford Zoning Board of Appeals, 155 Conn. 350
(1967). If the zoning board grants a special exception without compliance by the applicant to the requirements of the zoning regulations, it does so without legal authority. Gregorio, supra. CT Page 3801
The plaintiff raises three issues in her appeal, as follows:
 I
The applicant was not the owner of the subject property and did not submit a written purchase agreement for the property or a written consent to the application by the owners of the property as required by 4.3.A. of the Coventry Zoning Regulations.[1]
The application was filed by Eugene Sammartino requesting that thirteen nonconforming lots be combined into one, and, lists six individuals as the owners of those lots (ROR-1). Sammartino was acting as the authorized agent of said property owners for the purpose of applying for a special exception to combine the several lots for approval to construct a residence on the combined lots. (amended ROR). Sammartino applied, as the agent of and with the written consent of the owners and was therefore in compliance with 4.3.A.
 II
The applicant did not submit a verified approval of the proposed subsurface sewage disposal system, verified by the town sanitarian or his designee as required by 4.2.C.1 of the Coventry Zoning Regulations.[2]
The requirements of certification of the testing in accordance with the Public Health Code and the verified approval of the application by the sanitarian were not met.
A verification means a sworn statement of the truth of the facts stated in a document (Ballentine's Law Dictionary). A certificate is an authoritative attestation, a formal statement to authenticate the facts set forth, usually under oath.
This alleged lack of a verified approval is significant because the record indicates that a letter dated June 11, 1992 was sent to Sammartino from Sara Coelho, the Zoning/Inland Wetlands Agent stating that the sanitarian had informed her that the application did not meet the health code requirements. This letter was dated less than one week before the public hearing on the application (ROR-M).
The document presented to the ZBA on the letterhead of the CT Page 3802 town engineer, dated April 21, 1992, stating that the application does conform to health code requirements is unsigned (although apparently initialed by someone), and cannot be said to even minimally qualify to the requirements of certification and verification in the regulations. Nor is there anything in the record to indicate that the town engineer was the designee of the sanitarian. To infer that he was would have no basis in the record.
The failure to comply with the requirements of the regulations in this significant regard leads the Court to conclude that the ZBA acted illegally and in abuse of its discretion.
The plaintiff has not briefed her third claim that the approval of the special exception, because it was conditioned on the applicant obtaining an easement to install a pipe under Rosedale Trail to access the reserve septic area allocated across the roadway, was unlawful.
An issue not briefed is deemed abandoned. Cugini v. Cugini,13 Conn. App. 632, 637 (1988), Katsetos v. Nolan, 170 Conn. 637,641 (1976).
Because the ZBA acted illegally in granting the special exception, the appeal is sustained.
Klaczak, J.