[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
This is an administrative appeal brought by Vilor Cook appealing a decision of the City of New London Zoning Board of Appeals. For the reasons stated hereinafter, the appeal is dismissed.
The following background facts are necessary for the disposition of this appeal. On February 14, 1994, Ned Hammond, Zoning Enforcement Officer for the City of New London issued a Cease and Desist Order directed re property located at 12 West Coit Street, New London, pursuant to Connecticut General Statutes
Section 8-12 and Section 900 of the New London Zoning Regulations, directing Ms. Cook to cease (1) the operation of the property for the repair of motor vehicles not owned by the addressee residents, and, (2) the use of the garages by non-residents. The notice provided: "The subject property is being used as a location to CT Page 5642 repair motor vehicles not owned by residents of the dwelling. You are hereby ordered to immediately stop all motor vehicle repairs being conducted on the property both inside and outside the garage and to remove all motor vehicles from the property which do not belong to residents of 12 West Coit Street, New London. The garage space is not to be used for non-residents of 12 West Coit Street." The letter was addressed to Mrs. Vilor Cook and asserted that the property at 12 West Coit Street was either owned by her or under her control.
On March 31, 1994 the City of New London Zoning Board of Appeals held a hearing on Ms. Cook's appeal of the Cease Desist Order and her Request for a Variance for the subject property. After hearing, the Zoning Board of Appeals voted to uphold the Cease and Desist Order and to deny the Request for Variance. Notice was given and this appeal ensued. In her appeal, the Plaintiff claims that the Zoning Board of Appeals acted illegally, arbitrarily and in abuse of the discretion vested in it when it voted to uphold the Cease and Desist Order and deny the variance. The Plaintiff argues that the rental of garages at 12 West Coit Street and the `business type activities' that took place there pre-dated the imposition of zoning in New London and therefore constitute a valid pre-existing non-conforming use.
At hearing, Ms. Cook stated that the garages had been rented out to non-residents for storage and repair of their motor vehicles for the 18 years that she had owned the premises, and, as best as she knew, for a period prior to her ownership. The Zoning Board of Appeals was told that a prior owner, Sergeant, stored paint in the garages and their cars. The cars had `Sergeant Paint' signs on them. The family was in the paint business but not on the site. Sergeant had a four year lease with Cook for the garages, from the date of Cook's purchase.
It appears that the house on the site was built in 1888, but the garages were constructed at some undetermined later date. Zoning Regulations became effective in New London in the 1920's. The Town Office records reflect no commercial use of the garages at 12 West Coit Street. The Assessor's Office shows the garages classified as residential.
The subject property, 12 West Coit Street, is located in a R-3 zone. This is a residential zone, characterized as Multi-Family Medium Density. The subject property's primary use as a two-family dwelling is a permitted use in the district.(Regulation 420.2(2)). CT Page 5643 "Accessory use[s] customary and incidental to a permitted use" are allowed. (Regulation 420.4(8)). The City of New London Zoning Regulations also provide that a permitted accessory use is "[o]ff street parking for uses permitted in the district." (Regulation 420.4(1)). Nowhere in the permitted uses can one find a definition that would include the operation of a motor vehicle repair shop.
From the decision of the City of New London Zoning Board of Appeals, this administrative appeal ensued. Pleadings were closed. The parties filed their briefs and the Return of Record. A hearing was held on May 23, 1995. At that time, the Plaintiff provided only oral argument. Plaintiff offered no evidence to establish aggrievement.
1. Aggrievement
Aggrievement is a jurisdictional issue; jurisdiction cannot be waived.
"To be entitled to an appeal from a decision of the planning or zoning authorities, appellants must allege and prove that they were aggrieved parties. They are required to establish that they were aggrieved by showing that they had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal interests. [Citations omitted.]" Gregorio v. Zoning Board of Appeals,155 Conn. 422, 425-426 (1967).
". . . [A]ggrievement must be established in the trial court. It is a question of fact for the trial court to determine.[Citations omitted.] Parcesepe v. Zoning Board ofAppeals, 154 Conn. 46, 47 (1967); Primerica v. Planning ZoningCommission, 211 Conn. 85, 93 (1989).
The Plaintiff offered no evidence to establish aggrievement. Aggrievement has not been proven. Therefore, the court concludes that it has no jurisdiction. Ibid.
The appeal is dismissed for want of jurisdiction.
2. Cease and Desist Order/Variance Request
While these issues need not be reached inasmuch as the CT Page 5644 matter is dismissed for lack of jurisdiction, the court would observe that the appeal would not, in any case, have been successful, based on the record before the court.
The Plaintiff is shouldered with the burden of proof to prove that the City of New London Zoning Board of Appeals acted improperly. Bloom v. Zoning Board of Appeals, 223 Conn. 198, 206
(1995).
The Record is sufficient to support the decision of the Zoning Board of Appeals upholding the Cease and Desist Order. While the decision of the Zoning Board of Appeals does not clearly state its reasoning, the court will search the Record for reasons to support the decision.
The Record has sufficient comment from parties other than Cook asserting that the garages had not been used continuously for rental or repairs. There was sufficient evidence for the Board to find that the repair business had started up only in the last year. Further, the pre-existing chain on the garage rentals was not established continuously after 1979. The comments by Reverend Luter a long time neighbor as to the uses of the garages by the residents is a sufficient basis in the record to support the conclusion that the rentals have not been continuous since before 1983 to 1994. The Board is entitled to believe or disbelieve whatever it chooses, in terms of the evidence presented to it. Therefore there was sufficient basis in the Record, in any case, to support the Board's decision.
Once again, the burden of proof that the Zoning Board of Appeals improperly denied the Plaintiff's application for a variance rests with the Plaintiff. Whitaker v. Zoning Board ofAppeals, 179 Conn. 650, 654, (1980); Adolphson v. Zoning Board ofAppeals, 205 Conn. 703, 710 (1988). Variances should not be granted freely.
"It is well established . . . that the granting of a variance must be reserved for unusual or exceptional circumstances. [Citations omitted] `An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone.' [Citation omitted]. Accordingly, we have interpreted General Statutes (Rev. CT Page 5645 to 1993) Sec. 8-6 to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: `(1) the variance must be shown not to affect substantially the comprehensive plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.'"Bloom, op.cit. at 206-7.
At the outset it should be noted that the application for variance does not state which regulation the Plaintiff seeks relief from. Further, a review of the transcript discloses no assertion of hardship other than financial; also, that financial burden was not shown to be tantamount to confiscation. As our courts have repeatedly stated in the past, mere economic hardship is an insufficient basis for the grant of a variance. Makar v. ZoningBoard of Appeals, 150 Conn. 391, 393-4 (1963). The Zoning Board of Appeals did not act arbitrarily, capriciously or in abuse of its discretion in denying the variance request.
The appeal is dismissed.
Munro, J.