[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Hayes-Kaufman Partnership, hereinafter "HK" has appealed from a decision of the Manchester Zoning Board of Appeals, hereinafter "ZBA", granting a special exception to H.P. Inc., d/b/a Dependable Appliances, hereinafter "DA" thereby CT Page 8152 permitting DA to have storage in the rear yard of DA's premises at 1066 Tolland Turnpike. Article II Section 9.09 of the Manchester Zoning Regulations prohibits a yard being used for the storage of merchandise unless a special exception use is authorized by the ZBA. The ZBA granted the special exception under Article IV, Section 6 of the Manchester Zoning Regulations, hereinafter "Regulations", on September 25, 1996. Notice of the decision was published in the Journal Inquirer on October 1, 1996. The plaintiff made service of this appeal on October 16, 1996. Therefore, the appeal was timely filed. The parties, in their briefs, have reached the same conclusion as to timeliness. The court heard oral argument on, this matter on July 28, 1997.
AGGRIEVEMENT:
Aggrievement is a jurisdictional matter and a prerequisite for maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953
(1991). "The question of aggrievement is essentially one of standing." (Citation omitted.) DiBonaventura v. Zoning Board ofAppeals, 24 Conn. App. 369, 373, 573 A.2d 1222 (1991). Unless the plaintiff alleges and proves aggrievement, the court must dismiss the appeal. Id. General Statutes § 8-8 (a) defines an "aggrieved person" as "any person owning land that abuts or is within the radius of one hundred feet of any portion of the land involved in the decision of the board."
During the aforementioned court hearing, the parties stipulated that the plaintiff is an abutting property owner to the property subject of the special exception. Accordingly, the court finds that, the plaintiff is statutorily aggrieved.
STANDARD OF REVIEW
When considering an application for a special exception a zoning authority acts in an, administrative capacity, and its function is to "determine whether the proposed use is expressly permitted under the regulations and whether the standards set forth in the regulations and statutes are satisfied." Emphasis added. Daughters of St. Paul. Inc. v. Zoning Board of Appeals,17 Conn. App. 53, 56 (1988).
It cannot grant the special exception unless there is compliance with prerequisite conditions of the zoning regulations, and the zoning board cannot disregard the CT Page 8153 requirements of its zoning regulations. Gregorio v. WindsorZoning Board of Appeals, 155 Conn. 422 (1967); St. Andrew'sProtestant Episcopal Church v. Stamford Zoning Board of Appeals,155 Conn. 350 (1967). If the zoning board grants a special exception without compliance by the applicant to the requirements of the zoning regulations, it does so without legal authority.Gregorio, supra. Further, when the Board (ZBA) does not state the reasons why it granted the special exception, the trial court must search the record to find a basis for sustaining the decision. WNUK v. Zoning Board of Appeals, 225 Conn. 691,694-695 (1993).[1]
Article IV Section 6.02 of the Regulations provides the General Requirements for a Special Exception:
"6.02 GENERAL REQUIREMENTS
 The minimum area of each site shall be 30,000 square feet if public sanitary sewer or water supply is not available.
 Adequate safeguards shall be provided against surface and sub-surface leakage of gas and oil.
 All applications to the Zoning Board of Appeals shall include a report from the Director of Public Works confirming that the site can be adequately drained and that the proposed drainage system is suitable.
 All applications to the Zoning Board of Appeals shall include plans showing the proposed parking and landscaping.
 All places of business referred to in this section shall have automobile parking area in accordance with the requirements of Article IV, Section 9 of these regulations."
1. The court has searched the entire record and finds that there was no compliance with the third paragraph concerning a report from the Director of Public Works. Not only is there no report, but there is no mention of a report or a proposed drainage system in the record. The ZBA contends that there was no indication that the approval would implicate drainage. However, CT Page 8154 during oral argument and in its brief the defendant states no basis for that conclusion. The court's only, conclusion can be that the precise reason for the report is to make that determination.
2. The court finds lack of compliance with paragraph four of the Section 6.02. A small plot plan was submitted with the application, but it did not show the proposed landscaping. It did show the parking area, but neither this plan nor the final plan submitted at the public hearing indicated how many and exactly where the parking places were to be located. This lack of specifics on parking is not a major issue because compliance with the parking regulations could be determined by calculation from the size of the parking area and the size requirements for each parking space. However, the landscaping proposal is another matter. Although it was required to be submitted with the application, it wasn't submitted until the public hearing on September 25, 1996, approximately seventy-five days after the filing of the application. This gave little opportunity for the plaintiff, the town staff and members of the ZBA to adequately review it prior to the decision. Most importantly, submitting the plan at the hearing gave this plaintiff, an abutting owner, no time to have its experts review it, in particular to determine how it would effect plaintiff's property; and thus no opportunity to make intelligent comments on it at the public hearing. The ZBA contends that by the ZBA offering the plaintiff a recess for that evening to consider the plans and plaintiff's attorney declining such offer, plaintiff somehow waived the defect of the plans not being submitted on time. Since a recess without the plaintiff's experts available would have been meaningless, this claim by the ZBA is without merit. The purpose of the requirement to file the plans with the application is clearly to give prospective opponents, as well as others, time to thoroughly review them. The failure to file the plans with the application and not until the hearing deprived the plaintiff of due process in the subject proceedings.
3. There is no indication in the record that the first paragraph requirements was even addressed. From the plans, it can be determined that the area of the subject property is 15,000 square. feet. Nowhere in the record is any mention made of whether or not public sanitary sewer or water supply was available.
The court finds that there was not substantial compliance CT Page 8155 with four as to the landscaping plans and no compliance at all with paragraphs one and three.
During oral argument, the court raised the issue of whether these requirements are mandatory or directory. "In determining whether the use of the word `shall' is mandatory or directory, the test is whether the prescribed mode of action is of the essence of the thing to be accomplished . . . That, test must be applied with reference to the purpose of the statute" SearsRoebuck Co. v. Board of Tax Review, 241 Conn. 749, 760 (1997). This court finds that the requirements are of the essence of the thing to be accomplished. The purpose of the special exception is to give certain exceptions from the zoning rules but only on condition that certain requirements be met to make sure that the overall requirements of Section 6.01.01 of the Regulations be fulfilled.[2] The purpose of all of these requirements, including the General Requirements, is to make sure that a special exception is granted only if the public safety, the public environment and the public interest, including the interest of abutting property owners, are not harmed. Therefore, these requirements are the essence of the purpose of the regulations. Accordingly, the court finds the use of the word "shall" to be mandatory.[3]
For the reasons set forth above, the ZBA failed to comply with or satisfy its own regulations, and, therefore, its approval was illegal.
The appeal is sustained, and the decision of the ZBA in approving the special exception is reversed.
Rittenband, Judge