[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs have appealed from three separate actions of the defendant, Planning and Zoning Commission of the Town of Sherman, concerning property owned by the defendant, Mill Pond Farm.
1991, the Planning and Zoning Commission approved the subdivision of a 322 acre tract owned by Mill Pond Farm into eighteen lots.
On May 21, 1998, the commission approved Mill Pond Farm's application for a lot line change.
The plaintiffs commenced an appeal. (CV-98-0332215 s), claiming that a lot line change constituted a resubdivision of property, requiring a public hearing.
After obtaining approval from the commission for the lot line change, Mill Pond Farm applied for an earth removal' permit, and a driveway permit for lot 22.
The application for a driveway permit was granted on July 2, 1998, by the zoning enforcement officer, and the zoning commission followed by granting the Earth Materials Operations Permit on July 16, 1998.
The plaintiffs commenced an appeal of both actions on July 23, 1998 (CV 98-0332620 s), seven days prior to publication of notice of the decision on July 31, 1998.
The final appeal (CV-98-0333556 s), concerns a decision by the Planning and Zoning Commission to grant Mill Pond Farm an extension of time within which to complete work in connection with the subdivision approved on July 25, 1991.
The commission approved the request for an extension on October 15, 1998.
All three appeals, which concern the property which was subdivided in 1991, were consolidated for trial. CT Page 7599
As part of the 1991 subdivision, Mill Pond Farm designated 30 percent of the land in the subdivision as conservation and trail easements.
This designation was in lieu of open space provisions of the Sherman Subdivision Regulations which require a 10 percent set aside for open space.
The easements are owned by the individual lot owners, under the terms of a declaration and use agreement.
Both the conservation and trail easements "run with the land," for the benefit of each property owner at Mill Pond Farm.
The agreement provides:
 Those areas shall be open at all times for the use of the unit owners of Mill Pond Farm for the purpose of active recreation and enjoyment. The areas shall be open at all times for the use of the unit owners of Mill Pond Farm, their guests and invitees, and the guests of the Mill Pond Farm Association, Inc.
The lot line change which the defendant, Mill Pond Farm, submitted to the Planning and Zoning Commission, involved lots 6, 7 and 22 (ROR 1).
The lot line change was approved by the Town of Sherman Health Department (ROR 3), and the Inland Wetlands and Water Courses Commission (ROR 15).
The conservation easement area on lot 22 was relocated as a result of the lot line change approved by the commission, although the size of the easement was not significantly diminished.
 AGGRIEVEMENT
The plaintiffs, David Flatau, Sally Flatau, and Linda Mittel, claim to be aggrieved by each of the decisions appealed from, by virtue of their ownership of 24 Fox Run.
The 24 Fox Run property abuts the property owned by the defendant, Mill Pond Farm. CT Page 7600
David Flatau, who testified on the issue of aggrievement, and Sally Flatau, are the record owners of the 24 Fox Run property (Exhibit 1). The property is designated "Flatau" on Exhibit 8.
Linda Mittel is not presently residing at the address, and provided no evidence of ownership.
Therefore, she is not aggrieved.
Section 8-8(a)(1) of the Connecticut General Statutes defines an "aggrieved person" to include "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The phrase "any portion of the land involved in the decision" concerns the complete tract of land owned by the applicant, rather than the specific portion containing the activity involved in a particular application. Hochberg v. Zoning Commission,19 Conn. App. 357, 360 (1989); Caltabiano v. Planning ZoningCommission, 211 Conn. 662, 668-70 (1989). Courts have opted for the "bright line construction" of § 8-8(a), in light of the importance of access to the courts. Caltabiano v. Planning Zoning Commission, supra, 670.
Based upon their ownership of 24 Fox Run, the plaintiffs, David Flatau and Sally Flatau, are statutorily aggrieved in all three cases.
The remaining plaintiffs, if they are to prove aggrievement, must satisfy the well established test for classical aggrievement: (1) they must show that they have a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as a concern of all members of the community as a whole; and (2) they must show that this specific personal interest has been specifically and injuriously affected by the action of the commission. Cannavo Enterprises. Inc. v. Burns, 194 Conn. 43, 47
(1984); Walls v. Planning Zoning Commission, 176 Conn. 475, 477
(1979); Gregorio v. Zoning Board of Appeals, 155 Conn. 422,425-26 (1967).
At the aggrievement hearing, two of the plaintiffs, Richard Urban and Bonni Manning, testified. CT Page 7601
Their testimony failed to demonstrate that they are classically aggrieved by any of the decisions of the Planning and Zoning Commission of the Town of Sherman.
Both Richard Urban and Bonni Manning cited increased truck travel over the public street, Fox Run, as the result of construction activity on the property of Mill Pond Farm.
Neither claimed that any physical damage to their property or that of any other plaintiff, has been the result.
No testimony was presented from which a court could find that their properties, or any other property owned by a plaintiff in these actions, has been reduced in value, or will be reduced in value as a result of any of the three decisions appealed from.
Although there was evidence of some increase in traffic, there was no evidence of any increased traffic hazards or traffic congestion. Nor was any evidence presented that traffic hazards or congestion would increase, should the lone line be adjusted, a driveway constructed, or approval of the extension for subdivision work be granted. Gregorio v. Zoning Board of Appeals, supra, 155 Conn. 426.
Although the test for aggrievement has been satisfied, where the expansion of a nonconforming commercial use would increase traffic, noise, congestion or litter, Hyatt v. Zoning Board ofAppeals, 163 Conn. 379, 381 (1972), the facts presented here evince irritation with truck travel, and concern for an increase in traffic in this sparsely populated section of Sherman.
Claims of increased traffic, without demonstrating a specific, injurious impact on the plaintiffs' property, are insufficient to establish aggrievement. Tucker v. Zoning Board ofAppeals, 151 Conn. 510, 515-16 (1964).
Mere generalizations and fears are not sufficient to establish aggrievement. Walls v. Planning Zoning Commission, supra, 176 Conn. 478; Joyce v. Zoning Board of Appeals,150 Conn. 696, 698 (1962).
In the absence of anything more tangible, aggrievement can not be premised upon a lawful use of a public highway by Mill Pond Farm, in order to access its property. CT Page 7602
Notwithstanding their ownership of property in the general area (Exhibits 2 through 8), the plaintiffs, James Corneilus, Amelia Corneilus, Richard Urban, Jocelyn Urban, Wayne Palmer, Bonni Manning, Roger Barnett, Peggy Barnett, Marilyn Barnett, Gene Zager, Robert Zager, Shirley Kerr, Jeffrey Toobin and Amy McIntosh, are not aggrieved by any of the decisions appealed from.
However, because the plaintiffs, David Flatau and Sally Flatau, are aggrieved, the court does have subject matter jurisdiction. Concerned Citizens of Sterling. Inc. v. ConnecticutSiting Council, 215 Conn. 474, 479 (1990).
 STANDARD OF REVIEW
A planning and zoning commission, when reviewing a subdivision plan, sits in an administrative capacity, rather than as a legislative or quasi-judicial body. Reed v. Planning Zoning Commission, 208 Conn. 431, 433 (1988); RK DevelopmentCorporation v. Norwalk, 156 Conn. 369, 372 (1968).
Its authority is limited to determining whether the subdivision plan complies with the applicable regulations. R. B.Kent Son, Inc. v. Planning Commission, 21 Conn. App. 370, 373
(1990).
If a reviewing court determines that a commission decision is supported by the record, the court should not substitute its judgment for that of the commission. Westport v. Norwalk,167 Conn. 151, 161 (1974). The planning and zoning commission has liberal discretion, and its actions are subject to review by the court only to determine whether a decision is unreasonable, arbitrary or illegal. Schwartz v. Planning Zoning Commission,208 Conn. 146, 152 (1988).
In all three instances appealed from, the Planning and Zoning Commission of the Town of Sherman was acting in an administrative capacity.
 LOT LINE CHANGE NOT A RESUBDIVISION OF PROPERTY
Section 8-18 of the Connecticut General Statutes defines a resubdivision as follows:
 [A] change in a map of an approved or recorded subdivision CT Page 7603 or resubdivision if such change (a) affects any street layout [as] shown on such map, (b) affects any area reserved thereon for public use, or (c) diminishes the size of any lot shown thereon and creates an additional building lot, if any of the lots shown thereon have been conveyed after the approval or recording of such map.
Because the entire field of subdivision regulation is a creature of statute, a subdivision regulation must have statutory authorization for it to be effective. Finn v. Planning ZoningCommission, 156 Conn. 540, 545 (1968). There is no provision in statute, authorizing a planning and zoning commission to adopt a definition of subdivision or resubdivision which in any way differs from the statutory definition. Penninsula Corporation v.Planning Zoning Commission, 151 Conn. 450, 452 (1964). The commission, sitting in an administrative capacity, can not make law. Gagnon v. Municipal Planning Commission, 10 Conn. App. 54,57 (1987).
Applying the § 8-18 definition to the lot line change at issue in CV-98-0332215 s, it becomes apparent that the line change has none of the statutory characteristics of a resubdivision.
There is no impact upon the public road, Fox Run or on Mill Pond Farm Road, a private road owned by the property owners.
The areas within the Mill Pond Farm subdivision dedicated to conservation easements or trail easements are not areas open to the public, by the express terms of the declaration and use agreement.
They are privately owned areas, not "reserved . . . for public use," but set aside for the exclusive use of Mill Pond Farm residents, and their guests.
The commission was acting legally and appropriately when it approved the lot line change in the manner requested by the defendant, Mill Pond Farm.
There was no abuse of discretion, in the granting of the lot line change after considerable deliberation.
Therefore, the plaintiffs' appeal from the granting of the lot line change by the Planning and Zoning Commission of the Town CT Page 7604 of Sherman, must be dismissed.
 PERMITS WERE PROPERLY ISSUED BY ZONING ENFORCEMENT OFFICER, AND THE COMMISSION
Because the lot line change was not a resubdivision, and did not require a public hearing prior to approval, the driveway permit and the Earth Materials Operations Permit were both properly issued to the defendant, Mill Pond Farm.
Because this finding disposes of the issues raised in CV-98-0332620 s, it is not necessary to consider whether the plaintiffs should have exhausted their administrative remedies before appealing a decision of the zoning enforcement official, or whether the appeal was properly instituted, prior to publication of notice of the decision of the commission.
The plaintiffs' appeal from the issuance of the permits is, therefore, dismissed.
 COMMISSION DID NOT ABUSE ITS DISCRETION IN GRANTING EXTENSION
The commission unanimously (4-0) approved the request of Mill Pond Farm for an extension of time within which to complete all work in connection with a subdivision approved on July of 1991.
Section 8-26c (b) of the Connecticut General Statutes clothes the commission with the authority to extend the approval of a subdivision:
 The subdivider or his successor in interest may apply for and the commission may grant one or more extensions of the time to complete all or part of the work in connection with such subdivision, provided the time for all extensions under this subsection shall not exceed ten years from the date the subdivision was approved.
Here, the subdivision was approved in July of 1991.
The commission was acting within its statutory authority to grant the extension, as requested by Mill Pond Farm.
The record indicates that the requested extension was sought in July of 1998. CT Page 7605
The commission, after deliberation, and hearing interested parties, granted the requested extension in October.
The commission acted well within its discretion in voting unanimously to grant the extension of time, notwithstanding the objections of the plaintiffs.
The appeal from the granting of the extension of time (CV-98-0333556 s), must also be dismissed.
 CONCLUSION
All three appeals taken from decisions of the Planning and Zoning Commission of the Town of Sherman are dismissed.
Radcliff, J.