[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative or record appeal involving a decision of the defendant, Zoning Board of Appeals of the city of Stamford (ZBA), in which a motion to dismiss for lack of aggrievement has been filed. The plaintiffs are as follows: Bongiorno Supermarket, Inc. (Bongiorno's), a supermarket which leases premises at 288 West Avenue, Stamford. George Bongiorno is an owner of said premises. Maurice Nizzardo is the director of operations for the Bongiorno's. Frank Bongiorno is an owner, along with Mr. Nizzardo, of nearby premises located at 198 Baxter Avenue, in Stamford, which are leased for the sale of used motor vehicles.[1] In addition, George Bongiorno and Frank Bongiorno are the sole owners of the supermarket as well as the land on which it is located.
In addition to the ZBA, the other defendants are Grade A Market CT Limited Partnership (Grade A Market) and Stampar Associates, LLC (Stampar). Stampar owns approximately 7.6 acres of property on Commerce Road, Stamford, and proposes to lease its land to the defendant, Grade A Market, so that it can build and operate a new supermarket. Stampar and Grade A Market received a zoning permit from the Stamford Zoning Enforcement Officer (ZEO) to construct two buildings totaling approximately 100,000 square feet on the site on the Stampar property. The building occupied by the Bongiorno supermarket is approximately 30,000 CT Page 8104 square feet.
The plaintiffs appealed the granting of this zoning permit to the ZBA, which affirmed the decision of the ZEO and dismissed the plaintiffs' appeal. The plaintiffs then appealed to this court pursuant to General Statutes §§ 8-8 and 8-10.[2] In their complaint, the plaintiffs allege that they are aggrieved by the decision of the ZBA in that their "specific, personal and legal interests" in this matter have been injured. The plaintiffs do not allege that they are statutorily aggrieved pursuant to General Statutes § 8-8 (a)(1), which requires that an appellant have property abutting the subject property or within 100 feet thereof in order to be an "aggrieved person" and hence have standing to appeal.[3] The parties stipulated that the plaintiffs' property at 288 West Avenue, the supermarket, is approximately 841 feet from the subject premises, and the property at 198 Baxter Avenue, with the used car dealer, is located approximately 428 feet from the defendant Stampar's property. Although the distance from the plaintiffs' two properties to the actual site of the proposed new supermarket is greater, the aforementioned figures, 841 feet and 428 feet, are the relevant numbers because, as was stated in Caltabiano v. Planning Zoning Commission,211 Conn. 662, 560 A.2d 975 (1989), "land involved" in General Statutes § 8-8 (a)(1) refers to the overall parcel of land owned by the applicant as opposed to the particular piece of the applicant's land that was the subject of the agency decision, and "upon which the requested activity is to occur." Id., 667.
The plaintiffs, however, contend that they are classically aggrieved because: "[t]he proposed site development will cause increased traffic, traffic hazards and traffic congestion on roadways in the immediate vicinity of the Plaintiffs' real properties and businesses, thereby causing adverse traffic conditions and impacts on the Plaintiffs, their customers, their businesses and their real property interests." The defendants, Grade A Market and Stampar, filed motion #106 to dismiss this appeal pursuant to General Statutes § 8-8 (i), as amended by Public Act 01-195, sec. 112, which provides that: "[a]ny defendant may, at any time after the return date of the appeal, make a motion to dismiss the appeal. If the basis of the motion is a claim that the appellant lacks standing to appeal, the appellant shall have the burden of proving his or her standing. The court may, on the record, grant or deny the motion. "
An evidentiary hearing was held and the following facts were established. The plaintiffs' two properties and the site of the proposed new supermarket are separated by Interstate-95, the Connecticut Turnpike, with the plaintiffs' properties on the south side and the Stampar's property on the north side. Exit #6 on the turnpike is very close to the entrance to the Bongiorno supermarket. The plaintiffs claim CT Page 8105 that the increase in traffic generated by the proposed supermarket will depreciate the value of their property and cause a loss of business at Bongiorno's. Mr. Nizzardo aptly summarized the plaintiffs' position as follows: "we feel this application will generate traffic into our area which would not enable our customers to come and reach us and then they just won't shop there.
The specific problem identified by the plaintiffs is the amount of traffic at the intersection of West Avenue, the street on which Bongiorno's is located, and U.S. Route #1, also known as West Main Street and as the Post Road. A traffic engineer for the plaintiffs summed up their position in these words: "The problem that we have is that the delay is very significant at that intersection. It will be substantially aggravated by the traffic added by Grade A Shoprite."
The plaintiffs claim that this intersection, which is located about a third of a mile north of Bongiorno's and on the other side of I-95, is already designated "F," which is the lowest "Level of Service." There was testimony, however, by a traffic engineer for the defendants that the levels of services have changed recently and the intersection would now be classified as E, not F. The plaintiffs' expert testified that approximately 40% of Bongiorno's customers coming to the store from the north' use that intersection, whereas the expert for the defendants stated that it was more in the nature of 15%. In any event, this intersection, which is currently causing delay for motorists, will become more crowded and cause more delay. However, the issue in this motion to dismiss is whether a crowded intersection a quarter mile or so from the plaintiffs' properties, and on the other side of I-95, causes them to be aggrieved for purposes of pursuing this appeal.
The evidence submitted by the plaintiffs in support of their claim that they are aggrieved by the action of the ZBA is not persuasive for the following reasons. First the plaintiffs agree that many of Bongiorno's customers, 59% or thereabouts, do not use that intersection at West Main Street and West Avenue, but rather gain access to the store by other roads. Moreover, even for those patrons who normally use that intersection, there are alternatives.[4] Also, there was credible evidence that although widening of that intersection is not feasible, there are other measures that can be taken to improve traffic flow at that location.[5]
Second, in addition to the ZEO and the ZBA, the State Traffic Commission (STC), pursuant to General Statutes § 14-311 (a),[6]
granted a certificate to the defendants confirming that their proposal would not "imperil the safety of the public." The decision of the STC was appealed by these same plaintiffs, but in Nizzardo v. State TrafficCT Page 8106Commission, 259 Conn. 131, 168, 788 A.2d 1158 (2002), it was determined by our Supreme Court that the STC did not have jurisdiction over environmental matters and therefore the plaintiffs lacked standing to intervene in the proceedings before the STC.
In addition, the proper officials of the city of Stamford and the town of Greenwich approved the proposed supermarket. Greenwich became involved because a small portion of the defendants' property is situated in that town.
Finally, although there was a great deal of testimony and many pages of briefing about this one intersection, it is apparent that the plaintiffs took this appeal because of a fear of the competition that the defendants represent it is axiomatic, however, that "the primary purpose of zoning is to protect the public at large, not the competitive interests of individual developers." Lewis v. Swan, 49 Conn. App. 669
681, 716 A.2d 127 (1998).
"It is well settled that [p]leadings and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." (Internal quotation marks omitted.) Harris v. Zoning Commission, 259 Conn. 402, 409, 788 A.2d 1239 (2002). "It is [therefore] fundamental that, in order to have) standing to bring an administrative appeal, a person must be aggrieved. Standing [however] is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure) that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. Aggrievement presents a question of fact for the trial court and the party alleging aggrievement bears the burden of proving it." (Citations omitted; internal quotation marks omitted.) Id., 409-410.
In describing classical aggrievement, the Connecticut Supreme Court went on to note that: "[t]he fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all the members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision. Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations omitted; internal quotation CT Page 8107 marks omitted.) Harris v. Zoning Commission, supra, 259 Conn. 410.
The plaintiffs are not "classically aggrieved" under General Statutes § 8-8 (a)(1) because while they may have a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, there was no evidence presented that their interests have been specially and injuriously affected. MedTrans ofConnecticut, Inc. v. Department of Public Health Addiction Services,242 Conn. 152, 158-59, 699 A.2d 142 (1997). The traffic congestion at the intersection in issue affects everyone passing through it, not just Bongiorno's customers. In other words, there is no specific and personal injury to the plaintiffs and/or their customers by reason of any increased traffic and delay generated by the defendants' proposal at that intersection. All that is involved is the possibility that. some of Bongiorno's customers may decide to choose the proposed new supermarket because it meets their needs in a better fashion.
The plaintiffs also contend that the market value of their two properties will be decreased by the proposed supermarket. Their evidence on this point was not convincing. Moreover, since increased competition resulting in loss of business or profits does not result in aggrievement, it follows that such competition which causes a diminution in market value cannot form the basis of aggrievement either. WhitneyTheater Co. v. Zoning Board of Appeals, 150 Conn. 285, 189 A.2d 396
(1963), is on point in this regard as it held that the loss of property value caused by new. competition will not result in aggrievement. "All of the evidence offered by the plaintiff to establish a possible adverse effect on the value of its real estate is based on the assumption that its theater will be forced to close because of this competition. Upon these facts, the court was correct in concluding that the plaintiff had not shown itself to be aggrieved within the meaning of § 8-8 of the General Statutes." Id., 288.
While it is true that the plaintiffs need only establish a "possibility," as distinguished from a "certainty," that some "legally protect interest" has been adversely affected, in order to be classically aggrieved, they have failed to meet this standard. Lewis v. Planning Zoning Commission, 62 Conn. App. 284, 288, 771 A.2d 167 (2001), cert. denied, 255 Conn. 904, 762 A.2d 908. "Ordinarily, an allegation that a governmental action will result in competition harmful to the complainant's business would not be sufficient to qualify the complainant as an aggrieved person." State Medical Society v. Board of Examiners inPodiatry, 203 Conn. 295, 301, 524 A.2d 636 (1987);[7] see also Mott'sRealty Corporation v. Town Planning Zoning Commission, 152 Conn. 535,537, 209 A.2d 179 (1965) ("At best, the evidence introduced by the named plaintiff would create an inference that competition with its lessee's CT Page 8108 operation might result if the proponents of the change in zone devoted the site to retail business. That would not be sufficient to qualify the named plaintiff as an aggrieved person. ")
It is also true that our courts have found aggrievement based on increased traffic under certain circumstances, but the cases cited by the plaintiffs for this proposition are distinguishable. The plaintiffs refer, for example, to Bright v. Zoning Board of Appeals, 149 Conn. 698,704, 183 A.2d 603 (1962). In that case, the developer proposed a public golf course with floodlights, a club house and swimming pool in a residential zone in which the plaintiffs owned private homes. Of the five plaintiffs, two lived 150 feet from the project, and one of these was but on house removed from the defendants' "ambitious project," and the other three lived between 400 feet and 650 feet from the proposed development. In this present appeal, as has been mentioned, the parties are separated by I-95. Therefore, the two supermarkets will not be on the same street and the bad intersection is about equidistant from their respective properties. For this reason, the Bright case is: factually distinguishable and is therefore not binding.
In McDermott v. Zoning Board of Appeals, 150 Conn. 510, 513-514,191 A.2d 551 (1963), another case cited by the plaintiffs, the plaintiff owned a gas station right across the street from a proposed new gas station, and was found to be aggrieved by this proximity. The same result ensued in Gregorio v. Zoning Board of Appeals, 155 Conn. 422, 424,232 A.2d 330 (1967), which also involved two gas stations. In that case the proposed station was "directly across the street and less than 100 feet from the plaintiff's leased station." The plaintiff also cited MobilOil Corporation v. Zoning Board of Appeals, 35 Conn. App. 204, 208,644 A.2d 401 (1994), where the interveners had standing to appeal because they owned property "directly adjacent to the property that is the subject of the appeal." Again, these cases are factually, distinguishable to the case at bar because the two supermarkets will not be in that close proximity.
Thus, the plaintiffs are not classically aggrieved as required by General Statutes § 8-8 (a)(1), and therefore they have no standing to appeal. Where a party lacks standing to appeal, the court is without subject matter jurisdiction. Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). The defendants' motion to dismiss is therefore granted.
So Ordered.
Dated at Stamford, Connecticut, this 20th day of June, 2002. CT Page 8109
 ___________________________ William B. Lewis, Judge TR